No. ____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

IN RE KENNETH EUGENE BARRETT,
Movant.

CAPITAL CASE

APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

Counsel for Kenneth Eugene Barrett, Movant

i

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................2

PROCEDURAL HISTORY............................................................................................6

A. Conviction and Sentencing...............................................................................6

B. Direct Appeal....................................................................................................8

C. Previous § 2255 Motion. ..................................................................................8

D. Johnson v. United States...................................................................................10

E. Welch v. United States. ....................................................................................10

LEGAL STANDARDS ................................................................................................11

A. Mr. Barrett can make a sufficient showing of possible merit to warrant fuller exploration by the district court. ..........................................................................11

   1. *Johnson* announced a new rule of constitutional law that was previously unavailable. .......................................................................................................12

   2. *Johnson* is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review. .................................................................................14

   3. *Johnson* invalidates § 924(c)'s residual clause, too. ...................................14

B. Mr. Barrett is entitled to authorization under 28 U.S.C. § 2255(h)(2)...........15

# TABLE OF AUTHORITIES

**Federal Cases**

*Barrett v. United States*, 552 U.S. 1260 (2008) ........................................................ 8

*Barrett v. United States*, 2012 WL 3542609 (E.D. Okla. Aug. 16, 2012) .............. 8

*Barrett v. United States*, 2012 WL 5363410 (E.D. Okla. Oct. 30, 2012) ............... 9

*Bousley v. United States*, 523 U.S. 614 (1998) ..................................................... 15

*Brady v. Maryland*, 373 U.S. 83 (1963) ................................................................. 8

*Case v. Hatch*, 731 F.3d 1015 (10th Cir. 2013) ................................................... 12

*Chaidez v. United States*, 133 S. Ct. 1103 (2013) ............................................... 12

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ................................................. 4

*Giglio v. United States*, 405 U.S. 150 (1972) ....................................................... 9

*In re Encinias,* -- F.3d --, 2016 WL 1719323 (10th Cir. April 29, 2016)...........12, 13

*In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) ................................................. 13

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ..................................................... 12

*James v. United States*, 550 U.S. 192 (2007) ................................................. 10, 13

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ....................................... *passim*

*Mooney v. Holohan*, 294 U.S. 103 (1935) ............................................................. 9

*Napue v. Illinois*, 360 U.S. 264 (1959) ............................................................. 8, 9

*Schriro v. Summerlin*, 542 U.S. 348 (2004) ........................................................ 14

*Sykes v. United States*, 564 U.S. 1 (2011) ..................................................... 10, 13

*Tyler v. Cain*, 533 U.S. 656 (2001) ..................................................................... 12

*United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) ..................................... 8

*United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015) ..................................... 9

*United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983
(D. Md. 2015).....................................................................................................4

*United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) ....................... 4

*United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545
(E.D. Cal. 2016) ................................................................................................4

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ................................... 4

*United States v. Williams,* 330 F.3d 277 (4th Cir. 2003).........................................12

*Welch v. United States*, 136 S. Ct. 1257 (2016) .............................................. *passim*

*Whorton v. Bockting*, 549 U.S. 406 (2007) ......................................................... 13

**Federal Statutes**

18 U.S.C. § 16(b) ............................................................................................... 4

18 U.S.C. § 848(e)(1)(B) ................................................................................... 5

18 U.S.C. § 924(c) ..................................................................................... *passim*

18 U.S.C. § 924(c)(1)(A), (j) ........................................................................ 2, 6

18 U.S.C. § 924(c)(3)(B) .................................................................................. 1

18 U.S.C. § 924(e) ............................................................................................ 1

18 U.S.C. § 924(j) ......................................................................................... 3, 7

18 U.S.C. § 1111 .............................................................................................. 5

18 U.S.C. § 2113(e) .......................................................................................... 7

18 U.S.C. § 2255 ............................................................................ 1, 4, 11, 15

21 U.S.C. § 21 .................................................................................................. 7

21 U.S.C. § 848(e)(1)(B) ......................................................................... 2, 3, 6, 7

21 U.S.C. § 924(c) ..................................................................................... 3, 4, 7

21 U.S.C. § 924(c)(3)(A) .................................................................................. 3

21 U.S.C. § 924(c)(3)(B) .................................................................................. 3

21 U.S.C. § 1111 ........................................................................................... 2, 6

21 U.S.C. § 2255 ........................................................................................... 3, 8

28 U.S.C. § 924(c) .......................................................................................... 14

28 U.S.C. § 2244(b)(3) ................................................................................. 1, 2

28 U.S.C. § 2244(b)(3)(C) ............................................................................. 15

28 U.S.C. § 2255 ....................................................................................... *passim*

28 U.S.C. § 2255(h)(1) ..................................................................................... 9

28 U.S.C. § 2255(h)(2)............................................................................. *passim*

**Other**

Fed. R. Civ. P. 59(e) ......................................................................................... 9

Movant, Kenneth Eugene Barrett, through undersigned counsel, respectfully asks this Court, pursuant to 28 U.S.C. § 2244(b)(3), to authorize him to file the attached successive motion under 28 U.S.C. § 2255(h)(2). Mr. Barrett makes this request so that he may immediately assert a challenge to his conviction for using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c).

Specifically, Mr. Barrett seeks to challenge his § 924(c) conviction and the sentence of life without possibility of release imposed for that conviction under *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257 (2016). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. From *Johnson,* it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, also is unconstitutionally vague. Thus, after *Johnson,* Mr. Barrett's § 924(c) conviction cannot be sustained.

In *Welch,* the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review such as Mr. Barrett's. *Welch,* 136 S. Ct. at 1265. Further, Mr. Barrett has filed this application and the attached § 2255 motion within one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015.

1

As explained below, Mr. Barrett can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application.

**INTRODUCTION**

On November 4, 2008, Kenneth E. Barrett, was convicted of one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in Death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, to wit: Title 21 U.S.C. 848(e)(1)(B), killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 Section 1111 in violation of 18 U.S.C. § 924(c)(1)(A)and (j) (count 2); and one count of intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer engaged in the performance of his official duties, in violation of 21 U.S.C. Section 848(e)(1)(B) (count 3). CR-04-00115-JHP,[1] Doc 240 at 5-8. On November 17, 2005, Mr. Barrett was sentenced by the jury to life without possibility of release on counts 1 and 2 and to death on count 3. Doc. 258 at 30, 34, 40. The applicable

---

[1] Unless otherwise indicated all documents docketed and cited as "Doc." Refer to Mr. Barrett's criminal proceeding, CR-04-00115-JHP.

sentencing provision with respect to the § 924(c) convictions was 18 U.S.C. § 924(j).

Post-*Johnson,* however, murder of a law enforcement officer in the discharge of his duties under 21 U.S.C. § 848 (e)(1)(B) does not qualify as a categorical "crime of violence" within the meaning of § 924(c). This is explained in much greater detail in Part I of Mr. Barrett's proposed successive § 2255 motion, attached to this application. Because murder under § 848(e)(1)(B) is not a "crime of violence" within the constitutionally valid construction of § 924(c), Mr. Barrett is innocent of the § 924(c) offense and his conviction and its associated sentence are void. As explained in Part III of his proposed successive § 2255 motion, his life sentence on count 1 and more importantly, his death sentence on count 3 also are void.  He must be resentenced by a jury on those convictions.

As explained in detail in Part IA of Mr. Barrett's proposed § 2255 motion, the relevant portion of § 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second, § 924(c)(3)(B), is commonly referred to as the residual clause. It applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course

3

of committing the offense."

This second definition, the residual clause, is indistinguishable in all material respects from the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2557. Courts have already invalidated a residual clause identical to that in § 924(c). The residual clause of 18 U.S.C § 16(b) is the mirror image of that of § 924(c), and the Fifth, Seventh and Ninth Circuits have all struck it down following *Johnson. See United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015).

Still further, at least two district courts have considered § 924(c)'s residual clause itself and have found it void for vagueness in light of *Johnson. See United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983 (D. Md. 2015). These cases compel the same result in Mr. Barrett's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

Furthermore, as explained in detail in Part IIB of Mr. Barrett's successive § 2255 motion, murder of a state law enforcement officer under 848(e)(1)(B) does not categorically qualify as a "crime of violence" under the remaining force or

elements clause under a categorical analysis required for 924(c)(3)(A) purposes. While § 848(e)(1)(B) has as an element the intentional killing of another, it does not require "the use, attempted use, or threatened use of *physical force* against the person . . . ." Intentional killings can be committed through means that do not involve physical force. See e.g., 18 U.S.C. § 1111 (including as unlawful killing murder perpetrated by poison). Section 848(e)(1)(B) does not include as an element "the use, attempted use, or threatened use of *physical force* against the person." Thus it does not satisfy the force clause of § 924(c)(3)(A). Nor do any of the "Special Allegations" satisfy the force clause. None specifically allege the "use of physical force against the person." Therefore, killing of a state law enforcement officer under § 848(e)(1)(B) categorically fails to qualify as a "crime of violence," and Mr. Barrett's conviction under § 924(c) cannot stand.

Because § 924(c)'s residual clause is unconstitutional, Mr. Barrett's § 924(c) convictions and his death sentence imposed for his § 848(e)(1)(B) conviction (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction. However, because Mr. Barrett previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, he may not pursue relief based upon his *Johnson* claim in the district court without this Court's authorization.

Mr. Barrett urges this Court to authorize him to file the attached successive § 2255 motion asserting a *Johnson* claim. Such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

After *Welch,* issued on April 18, 2016, there can be no dispute that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. Mr. Barrett has made the required *prima facie* showing that he should be authorized to pursue a successive § 2255 motion.

## PROCEDURAL HISTORY

### A. Conviction and Sentencing.

Mr. Barrett was charged with one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, to wit:  Title 21 U.S.C. 848(e)(1)(B), killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 Section 1111, in violation of 18 U.S.C. § 924(c)(1)(A)and (j) (count 2); and one count of intentionally killing, during the commission of a drug

trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B) (count 3).[2] The government sought the death penalty under 18 U.S.C. § 2113(e) for Count 1 and under 18 U.S.C. § 924(j) for Counts 1 and 2 and under 21 U.S.C. 848(e)(1)(B).

Mr. Barrett was subsequently convicted of all three counts. Doc. 241. His jury returned sentences of life without possibility of release on the § 924(c) counts and death on the § 848 (e)(1)(B) count. Doc. 258.

---

[2] The criminal case against Mr. Barrett is No. 04-cr-00115-JHP. The superseding indictment is docket no. 52 in that case.

**B. Direct Appeal.**

Mr. Barrett timely appealed to this Court, raising various issues relating to denial of a motion to suppress the drug search warrant, insufficiency of the indictment and improper charging of multiple crimes and improperly joined offenses, victim impact evidence, a jury selection violation under *Batson*, juror misconduct, improper weighing and the constitutionality of the Federal Death Penalty Act. This Court rejected all of his arguments and affirmed his convictions and death sentences. *United States v. Barrett,* 496 F.3d 1079 (10th Cir. 2007). The United States Supreme Court denied certiorari. *Barrett v. United States,* 552 U.S. 1260 (2008).

**C. Previous § 2255 Motion.**

Following the denial of certiorari, Mr. Barrett timely filed in the Eastern District of Oklahoma a motion for collateral relief under 28 U.S.C. § 2255.[3] He asserted in the motion numerous claims including (1) the denial of a fair and impartial judge, (2) denial of due process by prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois* 360 U.S. 264 (1959), and (3) that trial and appellate counsel was ineffective in numerous respects. The district court denied relief. *Barrett v. United States,* 2012 WL

---

[3] Mr. Barrett's initial § 2255 motion was originally docketed under CR-04-0115-JHP and later case number 09-cv-00105-JHP.

3542609 (E.D. Ok. Aug. 16, 2012). That court also denied Mr. Barrett's subsequent motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Barrett v. United States,* 2012 WL 5363410 (E.D. Ok. Oct. 30, 2012).

This Court affirmed in part and reversed in part, and remanded the same for an evidentiary hearing on the ineffective assistance of counsel at sentencing. *Barrett v. United States,* 797 F. 3d 1207 (10th Cir. 2015). Mr. Barrett timely filed a petition for writ of certiorari in the United States Supreme Court, which is now pending. *Barrett v. United States,* S. Ct. No. 15-8565 (Mar. 14, 2016).

On May 11, 2016, Mr. Barrett filed a Motion seeking authorization to file a second Motion to Vacate (nominated "Motion for Pre-filing Authority"), alleging newly discovered evidence of continuous, pervasive egregious prosecutorial and police misconduct in violation of due process as held by the United States Supreme Court in *Napue v. Illinois*, 360 U.S. 264 (1959), *Giglio v. United States*, 405 U.S. 150 (1972), and *Mooney v. Holohan,* 294 U.S. 103, 112 (1935) that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" under 28 U.S.C.§ 2255(h)(1). *Barrett v. United States,* Case No. 16-7035 (entered as filed May 12, 2016). The Second § 2255 Motion to Vacate was conditionally filed in the United States District Court for the Eastern District of Oklahoma, conditioned on the grant of authorization by this

Court. *United States v. Barrett,* 6:04-cr-00115-JHP, Doc. 431 (Notice of Conditional Filing), Doc. 432 (Second Motion to Vacate, Set Aside or Correct). On May 19, 2016, the district court denied the Motion to Vacate for lack of jurisdiction. Cr-115, Doc. 438 (Minute Order).

**D. Johnson v. United States.**

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551. With *Johnson,* the Supreme Court overruled *Sykes v. United States,* 564 U.S. 1 (2011), and *James v. United States,* 550 U.S. 192 (2007), finding ACCA's residual clause too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment. Specifically, *Johnson* held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2557.

**E. Welch v. United States.**

After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to conflict over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily

apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* Mr. Barrett's § 924(c) conviction for count 2 cannot be sustained, for the reasons stated in detail in his attached § 2255 motion. Mr. Barrett now requests authorization from this Court to file a successive § 2255 motion.

**LEGAL STANDARDS**

This Court should grant Mr. Barrett's application for authorization to file a successive § 2255 motion in the district court because his motion is predicated on *Johnson,* and the Supreme Court expressly held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

**A. Mr. Barrett can make a sufficient showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the motion to be filed is based on (1) a previously unavailable

11

(2) new rule of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662 (2001).

Mr. Barrett has made a prima facie showing. *See Case v. Hatch*, 731 F.3d 1015, 1028-29 (10th Cir. 2013) (prima facie showing constitutes a simple showing of possible merit to warrant fuller exploration by district court). Further, the "showing of possible merit" relates only to the possibility that the requirements for filing a successive § 2255 motion will be met, not to the underlying merit of the claim that motion asserts. *See id.* This Court has now recognized the retroactivity of *Johnson* and authorized the filing of a successive § 2255 Motion on that basis. *In re Encinias,* -- F.3d --, 2016 WL 1719323 (10th Cir. April 29, 2016). While the determination of whether Mr. Barrett has made a *prima facie* showing that his claim satisfies § 2255(h)(2)'s requirements may entail a cursory glance at the merits, the focus of this Court's inquiry must remain on the gatekeeping standard itself. *See United States v. Williams,* 330 F.3d 277, 282 (4th Cir. 2003). Mr. Barrett easily satisfies that standard.

> **1.** ***Johnson* announced a new rule of constitutional law that was previously unavailable.**

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States,* 133 S.

12

Ct. 1103, 1107 (2013) (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)). In

*Johnson,* the Supreme Court expressly overruled its prior decisions in *Sykes* and

*James,* which had held that ACCA's residual clause was not void for vagueness.

*See Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are

overruled."). As the Supreme Court has made clear, "[t]he explicit overruling of an

earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S. 406,

416 (2007) (citation omitted). This Court has recognized that *Johnson* announces a

new rule. *In re Gieswein*, 802 F. 3d 1143 (10th Cir. 2015).

Further, the Supreme Court has put to rest any possible dispute on this front.

In *Welch v. United States,* announced on April 18, 2016, the Court proclaimed: "It

is undisputed that *Johnson* announced a new rule." *Welch,* 136 S. Ct. at 1264.

*Welch* also put to rest any dispute that *Johnson'*s rule is one of "constitutional

law," or that this rule was previously unavailable to Mr. Barrett. *See id.* As noted

above, this Court has now authorized a successor or successive petition as a result

of *Welch. In re Encinias, supra at *1.*

**2. *Johnson* is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review.**

So, too, does *Welch* answer the final question this Court must consider before authorizing Mr. Barrett to file his successive § 2255 motion. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." 136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U.S. 715, 724 (1971)). As such, the Court held, "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*; *accord Woods,* 805 F.3d at 1154.

**3. *Johnson* invalidates § 924(c)'s residual clause, too.**

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004). Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence." After *Johnson,* certain predicate offenses cannot be categorized as "crimes of violence" consistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Barrett stands convicted of an act that the law does not make criminal, because *Johnson* establishes that the so-called "crime of violence" underlying his § 924(c) conviction cannot constitutionally be considered a crime of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in *Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016), upon the government's concession, the Second Circuit recently granted a motion to authorize a successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction. The Seventh Circuit did the same in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

**B. Mr. Barrett is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Barrett has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Barrett has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the Eastern District of Oklahoma the attached successive motion pursuant to 28 U.S.C. § 2255.

15

DATED this 20th day of May, 2016.

Respectfully submitted,

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender

/s/*Joan M. Fisher*
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

Counsel for Kenneth Eugene Barrett, Movant.

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2016, the foregoing Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was emailed to the Clerk of the United States Court of Appeals for the Tenth Circuit at 10th Circuit Clerk@ca10.uscourts.gov. I further certify that on the same date, the foregoing Application was served on the following by electronic mail:

> Jeffrey B. Kahan
> United States Department of Justice
> jeffrey.kahan@usdoj.gov
>
> Christopher J. Wilson
> Assistant United States Attorney
> chris.wilson@usdoj.gov
>
> Linda Epperley
> Assistant United States Attorney
> linda.epperley@usdoj.gov
> United States Department of Justice
> Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are counsel in this case.

Dated:   <u>May 20,  2016</u>

*/s/  Joan M. Fisher*
JOAN M. FISHER

# ATTACHMENT

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

Counsel for Kenneth Eugene Barrett, Movant.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE BARRETT | ) |
| | ) Criminal Case No. 6:04-cr-00115-JHP |
| Movant, | ) (Prior Civil Case No. 4:09-cv-00105-JHP) |
| | ) |
| v. | ) **CAPITAL CASE** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

## 28 U.S.C. § 2255 MOTION TO VACATE CONVICTION
## UNDER *JOHNSON V. UNITED STATES*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

I.   STATEMENT OF RELEVANT FACTS ...........................................................5

  A.  Conviction and Sentencing. ..........................................................................5

  B.  Previous § 2255 Motions. .............................................................................7

    1.    The Initial Section 2255 Motion. ............................................................7

    2.    The Conditionally Filed Second Section 2255 Motion. ...........................8

  C.  *Johnson v. United States*. .............................................................................8

  D.   *Welch v. United States*. ...............................................................................9

ARGUMENT .......................................................................................................10

II.   In light of *Johnson,* Mr. Barrett's § 924(c) conviction cannot be sustained
because killing of a law enforcement officer under § 848(e)(1)(B) does not qualify
as a "crime of violence." .....................................................................................10

  A.  Section 924(c)'s residual clause is materially identical to ACCA's residual
  clause and therefore like ACCA's clause is unconstitutionally void for
  vagueness. .........................................................................................................10

    1.    *Johnson* expressly overruled the "ordinary case" approach to determining
    whether a felony qualifies as a "crime of violence." ......................................13

    2.    For the reasons identified in *Johnson,* § 924(c)(3)(B) also is
    unconstitutionally vague. ...............................................................................15

  B.  Section 848(e)(1)(B)  fails to qualify categorically as a "crime of violence"
  under the force clause of section 924(c) because it may be committed merely
  through "counseling, commanding or inducing." ..............................................18

    1.    The categorical approach applies to determining whether an offense
    qualifies as a "crime of violence" under the force clause. ..............................18

    2.    Neither "counseling, commanding or inducing" nor "causing" under §
    848(e)(1)(B) require the use or threatened use of violent physical force. .........21

III.   Mr. Barrett is entitled to relief under 28 U.S.C. § 2255 because his claim
under *Johnson* is cognizable, timely, and satisfies the successive petition
requirements of § 2255(h)(2). .............................................................................25

  A.  Mr. Barrett's claim is cognizable under § 2255(a). .....................................25

  B.  Mr. Barrett's motion for relief is timely. ....................................................27

C. Mr. Barrett's successive § 2255 motion satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new, previously unavailable rule of constitutional law, and the Supreme Court has made *Johnson* retroactive to cases on collateral review. ...............................................................................28

IV. Mr. Barrett's invalid § 924(c) conviction also invalidates his life sentence without possibility of release on his 924(c) drug-trafficking on Count 1 and his death sentence on Count 3, the § 848(e)(1)(B) murder charge. ................................29

CONCLUSION AND PRAYER FOR RELIEF ......................................................35

**TABLE OF AUTHORITIES**

**Federal Cases**

*Barrett v. United States*, 2012 WL 3542609 (E.D. Okla. Aug. 16, 2012) .............. 7

*Barrett v. United States*, 2012 WL 5363410 (E.D. Okla. Oct. 30, 2012) .............. 7

*Barrett v. United States*, 552 U.S. 1260 (2008) ............................................. 6

*Barrett v. United States,* 797 F.3d 1207 (10th Cir. 2015) ............................. 7

*Bourgeois v. Whitley*, 784 F.2d 718 (5th Cir. 1986) ................................. 30

*Brady v. Maryland*, 373 U.S. 83 (1963) ................................................. 7

*Brown v. Sanders*, 546 U.S. 212 (2006) ........................................... 31, 33

*Chambers v. United States*, 555 U.S. 122 (2009) ..................................... 15

*Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003) ............................... 23

*Clemons v. Mississippi*, 494 U.S. 738 (1990) ..................................... 32, 33

*Davis v. United States*, 417 U.S. 333 (1974) ......................................... 26

*Descamps v. United States*, 133 S. Ct. 2276 (2013) ................................. 18

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ............................... 4, 12, 16

*Giglio v. United States*, 405 U.S. 150 (1972) ......................................... 8

*Hurst v. Florida*, 136 S. Ct. 616 (2016) ......................................... 1, 32, 33

*James v. United States*, 550 U.S. 192 (2007) ....................................... 8, 16

*Johnson v. Mississippi*, 486 U.S. 576 (1988) ....................................... 1, 33

*Johnson v. United States*, 559 U.S. 133 (2010) ....................................... 20

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ............................... *passim*

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ................................................. 20

*Luna Torres v. Lynch,* 2016 U.S. LEXIS 3351 24-25 (May 19, 2016) .................. 20

*Mooney v. Holohan*, 294 U.S. 103 (1935) ............................................... 8

*Napue v. Illinois*, 360 U.S. 264 (1959) ............................................... 7, 8

*Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014) ..................................... 15

*Sekhar v. United States*, 133 S. Ct. 2720 (2013) ..................................... 19

*Stringer v. Black*, 503 U.S. 222 (1992) ......................................... 31, 32, 33

*Sykes v. United States*, 564 U.S. 1 (2011) ............................................. 8

*Taylor v. United States*, 495 U.S. 575 (1990) ......................................... 19

*United States v. Avila*, 770 F.3d 1100 (4th Cir. 2014) ........................................... 16

*United States v. Barboa*, 777 F.3d 1420 (10th Cir. 1985) ...................................... 27

*United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) ........................................6

*United States v. Bell*, 2016 WL 344749 (N.D. Cal. 2016) .................................... 19

*United States v. Brown*, 752 F.3d 1344 (11th Cir. 2014) ...................................... 27

*United States v. Castleman*, 134 S. Ct. 1405 (2014) ..................................... 19, 23

*United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015) ......................................... 20

*United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983
(D. Md. 2015).....................................................................................4, 13, 17

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) ..................................... 3, 16

*United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) ........... 4, 12, 16

*United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal.
2016) ..................................................................................................4, 13

*United States v. Maine*, 2016 WL 1555695 (D. Me. 2016) .................................. 19

*United States v. McCullah*, 76 F.3d 1087 (10th Cir. 1996) .................................. 32

*United States v. McDaniels*, 2015 WL 7455539 (E.D. Va. 2015) ........................ 19

*United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005) .......................... 24

*United States v. Serafin*, 562 F.3d 1105 (10th Cir. 2009) .............................. 18, 19

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) ........... 19, 23, 24, 25

*United States v. Torres-Villalobos*, 487 F.3d 607 (8th Cir. 2007) ....................... 19

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ............. 4, 12, 13, 14, 16

*Welch v. United States*, 136 S. Ct. 1257 (2016) ........................................... *passim*

*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ....................................... 28

**Federal Statutes**

18 U.S.C. § 16 ............................................................................................... 4, 17

18 U.S.C. § 16(b) .............................................................................. 3, 12, 15, 16, 17

18 U.S.C. § 921(a)(33)(A) .................................................................................. 19

18 U.S.C. § 924 ................................................................................................... 16

18 U.S.C. § 924(c) ...................................................................................... *passim*

18 U.S.C. § 924(c)(3) .................................................................................. 4, 11, 18

18 U.S.C. § 924(c)(3)(A) ...................................................... 11, 20, 21

18 U.S.C. § 924(c)(3)(B) ...................................................... 11, 15, 17

18 U.S.C. § 924(e) ...................................................................... 2, 11

18 U.S.C. § 924(e)(2)(B) ................................................................ 11

18 U.S.C. § 924(j) ........................................................... 3, 6, 21, 31

18 U.S.C. § 1111 ........................................................................... 20

21 U.S.C. § 21 .............................................................................. 6

21 U.S.C. § 422(a) ...................................................................... 22

21 U.S.C. § 848(e)(1)(B) ....................................................... *passim*

28 U.S.C. § 2244(b)(3)(C) ........................................................... 28

28 U.S.C. § 2255 .................................................................. *passim*

28 U.S.C. § 2255(a) ..................................................................... 25

28 U.S.C. § 2255(f) ..................................................................... 27

28 U.S.C. § 2255(f)(3) ................................................................. 27

28 U.S.C. § 2255(h)(1) .................................................................. 8

28 U.S.C. § 2255(h)(2) ................................................... 5, 25, 28, 29

## Other

Fed. R. Civ. P. 59 (e)........................................................................7

Movant, Kenneth Eugene Barrett, through his undersigned counsel, hereby files a motion to set aside the judgment against him on Count 2, and set aside the sentences in counts 1 and 3 in case number 6:04-Cr-00115-JHP, pursuant to 28 U.S.C. § 2255. As explained below, Mr. Barrett's conviction under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decisions in *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Welch v. United States,* 136 S. Ct. 1257 (2016). Additionally, given the likelihood that an invalid conviction influenced the jury's sentencing verdict on the remaining counts, under the Supreme Court decisions in *Hurst v. Florida,* 136 S. Ct. 616 (2016) and *Johnson v. Mississippi,* 486 U.S. 576 (1988), this Court must order that Mr. Barrett be resentenced by a jury.

**INTRODUCTION**

On November 4, 2005, Kenneth E. Barrett, was convicted of one count of Use and Carry a Firearm During and Relation to Drug Trafficking Crimes and Possess a Firearm in Furtherance of Such Drug Trafficking Offenses, resulting in Death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, to wit: Title 21 U.S.C. 848(e)(1)(B), the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 Section 1111 in violation of 18 U.S.C. §

1

924(c)(1)(A)and (j) (count 2); and one count of Intentionally Killing, During the Commission of a Drug Trafficking Crime, a State Law Enforcement Officer, Engaged in the Performance of His Official Duties, in violation of 21 U.S.C. Section 848(e)(1)(B) (count 3).  Doc 240 at 5-8.  On November 17, 2005, Mr. Barrett was sentenced by the jury to life without possibility of release on counts 1 and 2 and to death on count 3.  Doc 258.   The conviction for a violation of 18 U.S.C. § 924(c) and (j) on Count 2 is invalid under the recent United States Supreme Court decision in *Johnson v. United States, supra.* The sentences for all three counts are impacted and must be set aside with an order for resentencing on Counts 1 and 3.

On June 26, 2015, the Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See Johnson,* 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States,* 136 S. Ct. at 1265.

The residual clause of § 924(c), the statute under which Mr. Barrett was convicted on count 2, is materially indistinguishable from the clause *Johnson*

invalidated. After *Johnson,* federal killing of a law enforcement officer under § 848(e)(1)(B) categorically fails to qualify as a "crime of violence." Therefore, Mr. Barrett's § 924(c) conviction for use of a firearm during and in relation to a crime of violence is invalid. **Had the jury considered sentencing without this conviction, it could not have sentenced him to life in prison under § 924(j) and would not have sentenced him to death under 21 U.S.C. § 848(e)(1)(B).**

The relevant portion of § 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. *See, e.g., United States v. Fuertes,* 805 F. 3d 485, 498 (4th Cir. 2015). It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second, § 924(c)(3)(B), is commonly referred to as the residual clause. *Id.* It applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

This second definition, the residual clause, is indistinguishable in all material respects from the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2557. Indeed, at least three federal courts of appeals have applied *Johnson* to invalidate the residual clause of another statute, 18 U.S.C. § 16(b), a clause that is identical to

that of § 924(c).[1] *See United States v. Gonzalez-Longoria,* 813 F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719, 722 (7th Cir 2015); *Dimaya v. Lynch,* 803 F.3d 1110, 1117-20 (9th Cir. 2015). And relying on those circuits' reasoning, at least two district courts have held § 924(c)'s residual clause to be void for vagueness as well. *See United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545,*3-*4 (E.D. Cal. 2016); *United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983 *5 (D. Md. 2015). *But see, United States v. Taylor,* 814 F. 3d 340, 375-379 (6th Cir. 2016).

These cases compel the same result in Mr. Barrett's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

Because § 924(c)'s residual clause is unconstitutional, rendering the conviction in count 2 invalid, Mr. Barrett's § 924(c) count 1, § 924(c) and (j) life sentence in count 1 and the death sentence he received for that conviction in cou (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district

---

[1] Like § 924(c)(3), § 16 defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

court's jurisdiction. Further, Mr. Barrett is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Accordingly, Mr. Barrett respectfully asks this Court to grant his § 2255 motion, vacate his § 924(c) "crime of violence" conviction and his life without possibility of release sentence under § 924(j), and order that he be resentenced by a jury on the two remaining convictions, namely life without possibility of release under 924(c) and (j) (count 1), drug trafficking, and death on count 3 under § 848(e)(1)(B) (count 3).

Below, Mr. Barrett provides more detailed support for this motion.

## I. STATEMENT OF RELEVANT FACTS

### A. Conviction and Sentencing.

Mr. Barrett was charged with one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count 1), and one count of using or carrying a firearm during and in relation to a crime of violence, to wit: Title 21 U.S.C. 848(e)(1)(B), killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as

5

defined in Title 18 Section 1111, in violation of 18 U.S.C. § 924(c)(1)(A)and (j) (Count 2); and one count of intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. Section 848(e)(1)(B) (count 3). The government sought the death penalty under 18 U.S.C. § 924(j) for Counts 1 and 2 and under 21 U.S.C. § 21 U.S.C. 848(e)(1)(B).

Mr. Barrett was convicted of all three counts. Doc. 241. His jury returned sentences of life without possibility of release on the § 924(c) counts and death on the § 848 (e)(1)(B) count. Doc. 258.

### B.    Direct Appeal.

Mr. Barrett timely appealed to this Court, raising various issues relating to denial of a motion to suppress the drug search warrant, insufficiency of the indictment and improper charging of multiple crimes and improperly joined offenses, victim impact evidence, a jury selection violation under Batson, juror misconduct, improper weighing and the constitutionality of the Federal Death Penalty Act. This Court rejected all of his arguments and affirmed his convictions and death sentences. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007). The United States Supreme Court denied certiorari. *Barrett v. United States*, 552 U.S. 1260 (2008).

### B. Previous § 2255 Motions.

#### 1. The Initial Section 2255 Motion.

Following the denial of certiorari, Mr. Barrett timely filed in the Eastern District of Oklahoma a motion for collateral relief under 28 U.S.C. § 2255.[2] He asserted in the motion numerous claims including (1) the denial of a fair and impartial judge, (2) denial of due process by prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959), and (3) that trial and appellate counsel was ineffective in numerous respects. This court denied relief. *Barrett v. United States,* 2012 WL 3542609 (E.D. Ok. Aug. 16, 2012). This court also denied Mr. Barrett's subsequent motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Barrett v. United States,* 2012 WL 5363410 (E.D. Ok. Oct. 30, 2012).

On appeal, the Court of Appeals affirmed in part and reversed in part, and remanded the case for an evidentiary hearing on the ineffective assistance of counsel at sentencing. *Barrett v. United States,* 797 F.3d 1207 (10th Cir. 2015). Mr. Barrett timely filed a petition for writ of certiorari in the United States Supreme Court, which is now pending. *Barrett v. United States,* S. Ct. No. 15-8565 (Mar. 14, 2016).

---

[2] Mr. Barrett's initial § 2255 motion was originally docketed under CR-04-0115-JHP and later case number 09-cv-00105-JHP.

### 2. The Conditionally Filed Second Section 2255 Motion

On May 11, 2016, Mr. Barrett filed a Motion in the Tenth Circuit Court of Appeals seeking authorization to file a second Motion to Vacate (nominated "Motion for Pre-filing Authority"), alleging newly discovered evidence of continuous, pervasive, egregious prosecutorial and police misconduct in violation of due process as held by the United States Supreme Court in *Napue v. Illinois*, 360 U.S. 264 (1959), *Giglio v. United States*, 405 U.S. 150 (1972), and *Mooney v. Holohan,* 294 U.S. 103, 112 (1935) that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" under 28 U.S.C.§ 2255(h)(1). *Barrett v. United States,* Case No. 16-7035 (entered as filed May 12, 2016). The Second § 2255 Motion to Vacate was conditionally filed in this Court, conditioned on the grant of authorization by the Tenth Circuit Court of Appeal. *United States v. Barrett,* 6:04-cr-00115-JHP, Doc. 431 (Notice of Conditional Filing), Doc. 432 (Second Motion to Vacate, Set Aside or Correct).

### C. *Johnson v. United States*.

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551 with *Johnson,* the Supreme Court overruled *Sykes v. United States,* 564 U.S. 1 (2011), and *James v. United States,* 550 U.S. 192 (2007), finding the

ACCA's residual clause too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment.

Specifically, *Johnson* held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," therefore "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2557.

**D. *Welch v. United States*.**

After *Johnson* was decided, federal prisoners throughout the country sought to challenge ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to conflict over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* Mr. Barrett's § 924(c) count 2 conviction cannot be sustained. Given this circumstance, Mr. Barrett is filing in the Tenth Circuit, contemporaneously with the filing of the instant motion, an application for authorization to file a successive § 2255 motion. He also is filing a

9

motion asking this Court to hold the instant successive § 2255 motion in abeyance

pending the Tenth Circuit's ruling on his motion for authorization to file it.

## ARGUMENT

**II. In light of *Johnson,* Mr. Barrett's § 924(c) conviction cannot be sustained because killing of a law enforcement officer under § 848(e)(1)(B) does not qualify as a "crime of violence."**

Mr. Barrett's conviction on count 2 for using or carrying a firearm during

and in relation to a "crime of violence" is void because the "crime of violence"

element cannot be satisfied here. After *Johnson,* the predicate offense of §

848(e)(1)(B) cannot, as a matter of law, qualify as a "crime of violence" for

purposes of § 924(c). As explained below, killing a law enforcement officer under

21 U.S.C. § 848(e)(1)(B) categorically fails to qualify as a predicate "crime of

violence" under § 924(c) because it does not meet the definition of the force clause

and because the unconstitutional residual clause cannot define a valid federal

crime.

**A. Section 924(c)'s residual clause is materially identical to ACCA's residual clause and therefore like ACCA's clause is unconstitutionally void for vagueness.**

Section 924(c) defines "crime of violence" in two ways:

(3)     For purposes of this subsection, the term "crime of
violence" means an offense that is a felony and –

> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The first clause, § 924(c)(3)(A), is known as the force or elements clause. The second, § 924(c)(3)(B), is the residual clause.

The ACCA, 18 U.S.C. § 924(e), provides for an enhanced penalty for those convicted of possessing a firearm after sustaining three or more convictions for a "serious drug offense" or a "violent felony." ACCA's definition of "violent felony" includes the residual clause struck down in *Johnson,* a clause that is materially indistinguishable from that in § 924(c)'s residual clause. The ACCA provides:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –

> has as an element the use, attempted use, or threatened use against the person of another, or

> is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

11

Section 924(c)'s residual clause suffers from the same flaws that rendered ACCA's residual clause unconstitutionally vague under the required categorical approach. As with ACCA's residual clause, § 924(c)'s clause "require[s] courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch v. United States,* 136 S. Ct. at 1262. "The 'indeterminacy of the wide-ranging inquiry' made the residual clause more unpredictable and arbitrary in its application than the Constitution allows." *Id.* (quoting *Johnson,* 135 S. Ct. at 2557).

The constitutional guarantee of due process, the *Johnson* Court found, cannot tolerate "condemn[ing] someone to prison for 15 years to life," the punishment prescribed under ACCA, based upon "so shapeless a provision." *Johnson*, 135 S. Ct. at 2560. Likewise, due process cannot tolerate condemning a person to enhanced terms, life or death based upon § 924(c)'s equally shapeless residual clause.

Moreover, courts have already invalidated a residual clause identical to that in § 924(c). The residual clause of 18 U.S.C § 16(b) is the mirror image of that of § 924(c), and the Fifth, Seventh and Ninth Circuits have all struck it down following *Johnson. See United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015). Still further, at least two district courts have considered §

12

924(c)'s residual clause itself and have found it void for vagueness in light of *Johnson. See United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983 (D. Md. 2015). This Court should do the same.

**1. *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."**

The Supreme Court began its analysis in *Johnson* by noting that the so-called categorical approach mandates the use of a two-step framework to determine whether a crime is a violent felony within the meaning of ACCA. *Johnson,* 135 S. Ct. at 2557, 2562. As the Seventh Circuit described it: "In the first step, the court must determine 'the kind of conduct that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's . . . case." *Vivas-Ceja,* 808 F.3d at 721 (quoting *Johnson,* 135 S. Ct. at 2557). The second step also depends on the ordinary case. Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury." *Id.*

But this required approach to ACCA's residual clause "conspire[d] to make it unconstitutionally vague." *Johnson,* 135 S. Ct. at 2557. The first step is problematic, the *Johnson* Court explained, because too much uncertainty exists about what constitutes the "ordinary case" of a crime. *Id.* "[T]he residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary'

13

. . . involves." *Id.* at 2558. In fact, the Court explained further, statistical analysis of reported cases, Google, and gut instinct are all equally unreliable in identifying the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer,* 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing *en banc*)).

The second step, too, is fatally flawed. Even if the "ordinary case" could indeed be determined, there would still be too much "uncertainty about how much risk it takes" before such "ordinary case" should be deemed sufficiently serious to be categorized as a violent felony. *Vivas-Ceja,* 808 F.3d at 722 (citing *Johnson,* 135 S. Ct. at 2558).

Significantly, the Court's critique of the second step did not turn on the type of risk specified in ACCA's invalidated residual clause, namely, the "serious potential risk of *physical* injury." Rather, as with the first step, the Court's analysis turned on the shapeless "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction." *Johnson,*135 S. Ct. at 2558. Risk assessment, the Court made clear, is not inherently unconstitutional. *See Id.* at 2561. But because risk assessment under ACCA's residual clause is based not on the facts of the actual case but on the amorphous "ordinary case," the clause is unconstitutionally vague. The indeterminacy, unpredictability, and

14

arbitrariness inherent in the "ordinary case" analysis is simply more than the Due Process Clause can bear, held the Court. *Id.* at 2558.

*Johnson* thus upended not just ACCA's residual clause, but the "ordinary case" analysis compelled by such a statutory framework. In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

**2. For the reasons identified in *Johnson,* § 924(c)(3)(B) also is unconstitutionally vague.**

Notwithstanding that § 924(c)'s residual clause is not a mirror image of ACCA's, the two clauses are functionally the same. The difference in exact wording does not affect the constitutional analysis that shows both to be void for vagueness.

For one thing, courts regularly equate ACCA's "violent felony" definition with other statutes defining crimes of violence, including 18 U.S.C. § 16(b), which as noted above is identical to § 924(c)(3)(B). *See, e.g., Chambers v. United States,* 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (collecting cases); *Roberts v. Barrett,* 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis).

Further, although the risk at issue in ACCA is risk of injury while the risk at issue in § 924(c) is that physical force will be used, both statutes require that risk

15

be assessed via the "ordinary case" method. It is this analytical framework that infects both statutes with a due process problem.

Under § 924(c), just as under ACCA, courts must follow the same two-step process. First, the court must envision the "ordinary case" embodied by a felony. Second, the court must assess the quantum of risk posed by such "ordinary case." As the Fourth Circuit explained in the context of reviewing the (identical to § 924) § 16(b):

> [E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James,* 550 U.S. at 208. As long as an offense is of a type that, *by its nature,* presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*United States v. Avila,* 770 F.3d 1100, 1107 (4th Cir. 2014) (emphasis added). At least three circuits have held that because the shapeless "ordinary case" approach applies to cases under § 16(b), that statute's residual clause is void after *Johnson. See Gonzalez-Longoria,* 813 F.3d at 235; *Vivas-Ceja,* 808 F.3d at 722; *Dimaya,* 803 F.3d at 1116-17.

It follows that the same analysis applies to the identical residual clause of § 924(c). *See, e.g., United States v. Fuertes,* 805 F.3d at 498 (applying the "ordinary case" inquiry to the § 924(c) residual clause). Section 924(c)'s residual clause, just

like that of § 16(b) and ACCA, suffers from the "double indeterminacy" the

*Johnson* Court held the Due Process Clause cannot tolerate. *See Edmundson,* 2015

WL 9311983, at *4.

Indeed, in the course of litigating *Johnson,* the United States conceded that

the residual clauses contained in ACCA and § 16(b) (and necessarily in the

identical § 924(c)) pose the same problem:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause. Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States,* No. 13-7120, Supplemental Brief of Respondent United

States at 22-23 (available at 2015 WL 1284964) (Mar. 30, 2015).

The United States was correct in its analysis, and this Court should hold it

here to the same concession.

In sum, § 924(c), like ACCA, requires courts to apply "ordinary case"

analysis to assess the risk involved in a predicate offense. Because this analysis

involves the same flawed steps that brought down the ACCA residual clause, §

924(c)(3)(B) also cannot survive constitutional scrutiny. Under the due process

principles articulated in *Johnson*, § 924(c)'s residual clause cannot be used to

support a conviction under that statute. Mr. Barrett's count 2 conviction under §

924(c) – and the sentence of life without possibility of release he received for it –
must be overturned because the conviction turns on a determination that the
predicate killing of a law enforcement officer with which he was charged in Count
2 is a "crime of violence." And § 848(e)(1)(B), as the section that follows will
demonstrate, qualifies as a crime of violence only under the unconstitutional
residual clause; it cannot satisfy the remaining force or elements clause.

**B. Section 848(e)(1)(B) fails to qualify categorically as a "crime of violence" under the force clause of section 924(c) because it may be committed merely through "counseling, commanding or inducing."**

A court must employ a "categorical approach," in which it looks only to the
statutory definition of the offense, not to the particular facts disclosed by the
record. *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). In the
post-trial context, the Tenth Circuit has applied the categorical approach in
determining whether a crime is a crime of violence under § 924(c)(3). *See id.*

**1. The categorical approach applies to determining whether an offense qualifies as a "crime of violence" under the force clause.**

In determining whether an offense qualifies as a "crime of violence" under
the force clause of § 924(c), courts must employ the categorical approach. *See*
*Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). This approach requires
that courts "look only to the statutory definitions – i.e., the elements – of a
defendant's [offense] and *not* to the particular facts underlying [the offense]." *Id.,*

18

quoting *Taylor v. United States,* 495 U.S. 575, 600 (1990) (emphasis in original); a*ccord United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). In addition, under the categorical approach, an offense can qualify as a "crime of violence" only if all of the criminal conduct covered by a statute, including the least culpable conduct, matches or is narrower than the "crime of violence" definition. *See, e.g., United States v. Torres-Villalobos,* 487 F.3d 607, 616 (8th Cir. 2007); *see also United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012).[3] If the most innocuous conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

---

[3] A number of district courts have concluded that *Torres-Miguel* was abrogated by *United States v. Castleman,*134 U.S. 1405, 1414-15 (2014)(poison as use of force) (dicta). *See United States v. McDaniels,* 2015 WL 7455539(E.D. Va. 2015)), *United States v. Bell,* 2016 WL 344749 (N.D. Cal.2016); *United States v. Maine*, 2016 WL 1555695 (D. Me. 2016)

The Supreme Court held in *Castleman* that "Congress incorporated the common-law meaning of 'force'--namely, offensive touching--in § 921(a) (33) (A)'s definition of a 'misdemeanor crime of domestic violence.'" 134 S. Ct. at 1410. In doing so, *Castleman rejected* physical injury as the standard of force for § 921(a)(33)(A). *Castleman* thus underscores that *intentional* application of unlawful force--the *mens rea* required for common-law battery based on offensive touching--is the touchstone for "use ... of physical force" in § 921(a)(33)(A). See *Sekhar v. United States*, 133 S. Ct. 2720, 2724 (2013) (when Congress incorporates common-law concepts, it "adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken" (quoting *Morissette v. United States*, 342 U.S. 246, 236 (1952))).

*Castleman* does not abrogate *Torres-Miguel*, but applied different statutory elements to a different statutory definition and explicitly reserved the question *Torres-Miguel* answered, and thus does not negate the arguments made here.

Given this, an offense will qualify as a "crime of violence" under the force clause of § 924(c) only if it has, as an element, the use, attempted use, or threatened use of "physical force" against another person. 18 U.S.C. § 924(c)(3)(A). "Physical force," in turn, has two requirements. First, "physical force" must involve *violent* force – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Second, the use of such force "must be intentional, not just reckless or negligent." *United States v. Dixon,* 805 F.3d 1193, 1197 (9th Cir. 2015); *see also Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004).

Section 848(e)(1)(B) does not qualify as a crime of violence under a categorical analysis required for § 924(c)(3)(A) purposes. While § 848(e)(1)(B) has as an element the intentional killing of another, it does not require "the use, attempted use, or threatened use of *physical force* against the person. . . ." Intentional killings can be committed through means that do not involve physical force. *See, e.g.,* 18 U.S.C. § 1111 (including as an unlawful killing murder perpetrated by poison or kidnapping.[4])

---

[4] In that vein, the Supreme Court very recently acknowledged that kidnapping is not a crime of violence. The Court said*:"[t]he "crime of violence" provision would not pick up demanding a ransom for kidnapping. See 18 U. S. C. §875(a) (defining the crime without any reference to physical force." Luna Torres v. Lynch,* 2016 U.S. LEXIS 3351 *24-25 (May 19, 2016) (emphasis added.)

20

Section 848(e)(1)(B) does not include as an element "the use, attempted use, or threatened use of *physical force* against the person." Thus it does not satisfy the force clause of § 924(c)(3)(A). It is not enough that the statute includes some requirement of specific intent, such as the intent to deprive a person of property, or even the intent to cause injury. To qualify as a crime of violence under the "force" or "elements" clause, the statute must have as a required element the intent to use strong physical force.

Applying these standards to Mr. Barrett's case requires vacatur of his conviction under § 924(c) and the death sentence he received for that conviction under § 924(j).

### 2. Neither "counseling, commanding or inducing" nor "causing" under § 848(e)(1)(B) require the use or threatened use of violent physical force.

Section 848(e)(1)(B) defines the killing of a law enforcement officer in the performance of their official duties to apply to anyone who

> . . . .during the commission of, in furtherance of, or while attempting to avoid apprehension prosecution or service of a prison sentence for, a felony violation of this subchapter or subchapter II of this chapter who intentionally kills *or counsels, commands, induces, procures, or causes* the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties . . .

21

21 U.S.C. § 848(e)(1)(B) (emphasis added).  Under § 848(e)(1)(B), a person can be found guilty of the offense by counseling, commanding or inducing someone else to kill a law enforcement officer.  The force clause under § 924(c) requires that a statute have "as an element" the required intentional use of strong physical force or the threat of use of strong physical force.  Someone who counsels, commands or induces another to kill a law enforcement officer can do so with words or other forms of persuasion alone.  Thus, the crime can be committed without the use of strong physical force.  Nor does someone have to threaten to use strong physical force.  One can merely induce the conduct of another to carry out a killing by offering that person money or other favors in exchange for killing the law enforcement officer.  Thus, someone can be found guilty of a crime and convicted pursuant to § 848(e)(1)(B) without having "as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Moreover, referencing decisions from various federal courts of appeals, in *Miguel-Torres,* the Fourth Circuit identified many possible ways in which physical injury – even death – may result without the use or threatened use of "violent force." 701 F. 3d at 168-69 (collecting cases).  "For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force." *Id.* (citing *United States v. Cruz-Rodriguez,* 625 F.3d 274, 276 (5th Cir. 2010)).

*Torres-Miguel* also relied on the Second Circuit's decision that a Connecticut conviction for third-degree assault could not qualify as a "crime of violence" under the force clause. *Chrzanoski v. Ashcroft,* 327 F.3d 188, 194 (2d Cir. 2003). The Connecticut statute "required the state to prove that the defendant had intentionally caused physical injury." *Id.* at 193. Nevertheless, because the statute required only *causation* of an injury, it failed to require the use or threatened use of physical force. *Id.* at 194. "An individual could be convicted of intentional assault in the third degree," said the Second Circuit, "for an injury caused not by physical force, but by guile, deception, or even deliberate omission." *Id.* at 195. The court conceived of "numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient," or someone who causes physical impairment by putting a tranquilizer in the victim's drink. *Id.*[5]

---

[5] *See infra* note 3. The Supreme Court's decision in *Castleman* does not disturb *Torres-Miguel*'s logic or holding. In *Castleman*, the Supreme Court emphasized that it was applying a definition of "physical force" different from that applicable here and in *Torres-Miguel*. In *Castleman*, the Court decided *not* to apply ACCA's definition of "physical force"—described in its 2010 *Johnson* decision—to the statutory phrase at issue. 134 S. Ct. at 1410. More importantly, the Supreme Court in *Castleman* explicitly refused to evaluate the validity of the logic rejected by *Torres-Miguel*.

The *Castleman* Court wrote that ***"[w]hether or not the causation of bodily injury necessarily entails violent force [is] a question we do not reach."*** *Id.* at 1413 (emphasis added). That, of course, is the question any decision abrogating *Torres-Miguel* must answer. Because *Castleman* failed to reach the question

23

The Tenth Circuit, too, provided support for the *Torres-Miguel* court's decision. *United States v. Perez-Vargas,* 414 F.3d 1282 (10th Cir. 2005), involved a Colorado third-degree assault statute that required proof of an act causing bodily injury by means of a deadly weapon. But it did not, the Tenth Circuit found, necessarily include the use or threatened use of physical force, and therefore did not define a crime of violence under the force clause. *Id.* at 1287. As examples of Colorado third-degree assault that would not use or threaten the use of physical force, the Tenth Circuit identified intentionally placing a barrier in front of a car, causing an accident, or intentionally exposing someone to hazardous chemicals. *Id.* at 1286. Doing the same in a manner that causes the death rather than assault as required under § 848(e)(1)(B) similarly does not use or threaten the use of physical force.

The finding of "intent to kill" does not necessarily require a finding of "strong physical force." Someone can intentionally kill another without using strong physical force. For example, he could lock someone in a hot car; he could intentionally place a barrier in front of a car, causing the person to crash into it; he could withhold life-sustaining medication from the person; he could intentionally

---

*Torres-Miguel* answered, *Torres-Miguel* retains its vitality and remains binding precedent.

serve a person with food allergies the offending food without telling her what the food contains, causing her to go into anaphylactic shock.

Thus, because "the full range of conduct" covered by § 848(e)(1)(B) does not require "violent force," it categorically cannot qualify as a "crime of violence" under § 924(c)(3)'s force clause. *See Torres-Miguel,* 701 F.3d at 171. And it makes no difference that the possibility of violating 848(e)(1)(B) murder without the use or threat of violent force may be slim. Because that possibility exists, this Court cannot, as a matter of law, find that an § 848(e)(1)(B) killing of a law enforcement officer is a "crime of violence."

**III. Mr. Barrett is entitled to relief under 28 U.S.C. § 2255 because his claim under *Johnson* is cognizable, timely, and satisfies the successive petition requirements of § 2255(h)(2).**

**A. Mr. Barrett's claim is cognizable under § 2255(a).**

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. Mr. Barrett's conviction violates the Due Process Clause of the Fifth Amendment, violates federal law, and exceeds this Court's jurisdiction. This Court therefore should grant him relief under § 2255(a).

First, for all the reasons explained above, Mr. Barrett's conviction on Count 2, the § 924(c) charge, violates due process because it depended on the unconstitutionally vague residual clause.

Second, as also explained above, murder under 21 U.S.C. § 848(e)(1)(B) categorically cannot satisfy § 924(c)'s force clause. Mr. Barrett's indictment therefore failed to state an offense under § 924(c), and Mr. Barrett now stands convicted of an offense that is no longer criminal. Given this, his conviction violates the laws of the United States and results in a fundamental miscarriage of justice. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

Third, Mr. Barrett's conviction exceeds this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, it affirmatively alleged conduct that is outside that statute's reach. That is, Count 2 of the indictment alleged that Mr. Barrett used or carried a firearm during or in relation to murder under 21 U.S.C. § 848(e)(1)(B), an offense that, as discussed above, categorically cannot qualify as a "crime of violence" for purposes of § 924(c). In turn, a §

26

924(c) conviction can never be sustained based on the underlying offense of murder pursuant to § 848(e)(1)(B), no matter what the facts are.

Simply put, Count 2 altogether fails to state a § 924(c) offense. Mr. Barrett's conviction on Count 2 therefore is a legal nullity that was entered in excess of this Court's jurisdiction, and it must be vacated. *See United States v. Brown,* 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute"); *United States v. Barboa,* 777 F.3d 1420, 1423 n.3 (10th Cir. 1985).

## B. Mr. Barrett's motion for relief is timely.

Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period. That period runs from the latest applicable triggering event. 28 U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*at § 2255(f)(3).

The Supreme Court decided *Johnson* on June 26, 2015. Mr. Barrett has filed this application within one year of that date. Further, on April 18, 2016, the Supreme Court expressly made *Johnson*'s new rule retroactively applicable to

27

cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016). This motion therefore is timely filed.

**C. Mr. Barrett's successive § 2255 motion satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new, previously unavailable rule of constitutional law, and the Supreme Court has made *Johnson* retroactive to cases on collateral review.**

Section 2255(h)(2) imposes a gatekeeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. See 28 U.S.C. § 2255(h)(2). The court of appeals must certify that the successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.; see also* 28 U.S.C. § 2244(b)(3)(C).

Mr. Barrett files this successive § 2255 motion after requesting authorization to do so from the Tenth Circuit under § 2255(h)(2). Together with this § 2255 motion, Mr. Barrett has filed a motion asking this Court to hold it in abeyance and deem it timely filed, pending the Tenth Circuit's decision on his application for certification under § 2255(h)(2). Because Mr. Barrett has made a *prima facie* showing that he has satisfied § 2255(h)(2), the Tenth Circuit's certification should be forthcoming. *See Woods v. United States,* 805 F.3d 1152, 1154 (8th Cir. 2015) (authorizing filing of a successive § 2255 motion to assert a *Johnson* claim).

Mr. Barrett can do more than make out a *prima facie* showing, however. He can demonstrate conclusively that his motion meets all the requirements of § 2255(h)(2).

To do so, he need only point to the Supreme Court's recent decision in *Welch. Welch v. United States,* 136 S. Ct. 1257 (2016). There, the Supreme Court itself held that *Johnson* announced a new constitutional rule, that this rule was previously unavailable, and that *Johnson*'s rule is substantive and therefore applies retroactively to cases on collateral review. *See Id*. at 1265.

**IV.     Mr. Barrett's invalid § 924(c) conviction also invalidates his life sentence without possibility of release on his 924(c) drug-trafficking on Count 1 and his death sentence on Count 3, the § 848(e)(1)(B) murder charge.**

Mr. Barrett also was convicted in Count 1 of violating § 924(c) drug trafficking and Count 3, for an § 848(e)(B)(1) killing a law enforcement officer in the performance of his duties. The jury returned separate sentences for each count. On Counts 1 and 2, Mr. Barrett was sentenced to life without possibility of release under § 924(c)(j), and on Count 3, he was sentenced to death under 21 U.S.C. § 848(e)(1)(B).

After *Johnson,* Mr. Barrett's life sentence under Count 2 must fall along with his conviction for the non-existent crime. But that is not all. The invalidation

of Mr. Barrett's § 924(c) count 2 conviction requires that he be resentenced on Counts 1 and 3, as well.

When a defendant has been convicted and sentenced on multiple charged offenses, one of which subsequently is invalidated, he must be resentenced on the valid conviction "unless it can be ascertained from the record that a trial court's sentence on a valid conviction was not affected" by the invalid offense. *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986). This principle applies with equal or greater force in the case of jury sentencing. The record in Mr. Barrett's case shows at least a reasonable likelihood that the inclusion of the unconstitutional § 924(c) count 2 conviction influenced the jury's decision to sentence him to death. Here, the jury was instructed that it could find that Mr. Barrett be sentenced to a sentence less than death and less than life without possibility of release for the § 924(c) and (j) drug trafficking conviction in count 1. Doc. 258 at 31. The inclusion of the invalid § 924 count 2 conviction reasonably could have influenced the jury's decision to give the greater sentence of life without possibility of release.

Mr. Barrett's jury was given to believe that three separate offenses each egregious in their own right had been committed, notwithstanding the fact that the very same conduct supported each, spun just slightly differently to weigh one on top of the other. The jury inevitably weighed the invalid count 2 § 924(c) conviction in its sentencing decisions. Under *Johnson,* that count is not a crime at

all. It should never have been presented to the jury at either stage of Mr. Barrett's trial. The joint sentencings of all three counts taints the constitutionality of the two remaining counts.

Even worse, under the sentencing provision attached to § 924(c), 18 U.S.C. § 924(j), the jury was directed to consider whether Mr. Barrett committed "murder," and acted "with malice aforethought." Doc. 258 at 6 (Count 2); at 57-58 (Special Interrogatory Instruction). That state of mind is widely understood by the general public to involve evil, depravity, and wanton disregard for the value of human life. The impact is exponentially increased by the fact that the unconstitutional underlying "crime of violence" is one and the same act alleged in in the § 848(e)(1)(B) count 3. It is impossible to extract the weight attributed to one over the other in the final decision to impose death.

Since the jury only imposed death once, the cumulative weight of the three counts, one of which is invalid under *Johnson*, cannot be accurately assessed. The inclusion of the "924(c) and (j) "crime of violence" count in weighing the aggravation against the mitigation resulted in an artificially inflated view of the aggravating evidence and impermissibly skewed the weighing process toward death. *Stringer v. Black,* 503 U.S. 222, 232 (1992), *holding modified by Brown v. Sanders*, 546 U.S. 212 (2006). "When the weighing process itself has been skewed, only constitutional harmless-error analysis or reweighing at the trial or appellate

level suffices to guarantee that the defendant received an individualized sentence." *Ibid.* The jury weighed the count 2 924(c) conviction. The double counting has a tendency to skew the weighing process and creates the risk that the death penalty will be imposed arbitrarily and thus unconstitutionally." *U.S. v. McCullah,* 76 F.3d 1087, 1111 (10th Cir. 1995), citing *Stringer*, *supra*. The appellate court cannot assume that "it would have made no difference if the thumb had been removed from death's side of the scale." *Stringer,* 503 US at 232. The presence of this invalid conviction took on critical importance in the context of the weighing statute. *Clemons v. Mississippi,* 494 US 738, 744-47 (1990).

It cannot be said that the record shows that the invalid conviction did not influence the jury's sentencing verdict on the remaining, valid counts. This Court must order that Mr. Barrett be resentenced by a jury. As the Supreme Court recently made clear in *Hurst v. Florida,* 136 S. Ct. 616 (2016), the Sixth Amendment requires that a jury, and not the court, determine whether a defendant should be sentenced to death. *Hurst,* 136 S. Ct. at 624. The Court was unequivocal: "The Sixth Amendment protects a defendant's right to an impartial jury. This right required Florida to base [the defendant's] death sentence on a jury's verdict, not a judge's factfinding." *Id.*

After *Hurst,* any death sentence rendered by a court is unconstitutional. An appellate or post-conviction court that finds non-structural error in the defendant's

32

death sentence therefore must remand for a new penalty phase before a jury. It may not engage in post hoc reweighing, or otherwise make its own determination about whether the defendant deserves a death sentence. To the extent any prior Supreme Court decisions, such as *Brown v. Sanders,* 546 U.S. 212, 224-25 (2006), *Stringer v. Black, supra* at 237, or *Clemons v. Mississippi,* 494 U.S. at 745-46, authorized such judicial refashioning of a compromised death sentence, *Hurst* necessarily overrules them.

What is more, given the unparalleled need for reliability in capital sentencing, allowing Mr. Barrett's death sentence on Count 3 to stand despite the jury's exposure to the invalid count and its prejudicial elements would implicate the Eighth Amendment. The Supreme Court's decision in *Johnson v. Mississippi,* 486 U.S. 576 (1988), provides an instructive analogy. There, the Court held that when a prior conviction used as aggravation in support of a death sentence has subsequently been overturned, the defendant's death sentence violates the Eighth Amendment. As the Court explained, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Id.* at 584 (citations and internal quotations omitted).

Because the petitioner's prior conviction in *Johnson v. Mississippi* was invalid, the Court deemed it "apparent that the [prior] conviction provided no legitimate support for the death sentence imposed on petitioner." *Id.* at 585. Equally apparent, the Court said, was "that the use of that conviction in the sentencing hearing was prejudicial." *Id.*

And while the prosecutor had repeatedly pointed to the prior conviction in his closing argument, the Supreme Court said the now-voided conviction's use as aggravation would have violated the Eighth Amendment no matter what. "Even without express argument, there would be a possibility that the jury's belief the petitioner had been convicted of a prior felony would be 'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* (quoting *Gardner v. Florida,* 430 U.S. 349, 359 (1977)).

The same principles apply here. The unconstitutional § 924(c) conviction had a profoundly prejudicial impact on Mr. Barrett's case as a whole, and undermines confidence in his death sentence on Count 3. The jury's consideration was skewed by the presence of the unconstitutional charge just as the jury's sentencing decision was skewed in *Johnson v. Mississippi, supra.*

Finally, equitable considerations warrant resentencing as well. As noted above, the evidence at Mr. Barrett's trial demonstrate that he was entitled to but did not get a self-defense instruction, Doc. 240, and that he had already been held

to account for the death of Trooper Eales.  Doc. 258 at pp. 20, 23, 26.   A jury should at least be permitted to decide that question without the weight of an invalid 924(c) murder conviction added to the mix.  This Court should vacate Mr. Barrett's sentence in its entirety and order that he be resentenced before a jury on Counts 1 and 3 alone.

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Barrett respectfully asks this Court to vacate his conviction and sentence on Count 2, the invalid charge under 18 U.S.C. § 924(c). Mr. Barrett further requests the following relief:

a)      That this Court vacate his sentence on Counts 1 and 3 and remand this case for a new penalty phase trial on the § 924(c) using and carrying a firearm in a drug trafficking offense and the § 848(e)(1)(B) killing of a law enforcement officer.

b)      That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c)      That this Court schedule a status conference on this motion at the Court's earliest convenience.

d)    Any other relief that may be necessary to correct Mr. Barrett's invalid conviction and sentence.

DATED this 20th day of May, 2016

Respectfully Submitted,

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender

*/s/Joan M. Fisher*
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

Counsel for Kenneth Eugene Barrett, Movant.

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of May, 2016, a copy of the foregoing 28 U.S.C. § 2255 Motion to Vacate Conviction Under *United States v. Johnson* was served via the CM/ECF electronic filing system upon:

Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov


Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma


To the undersigned's knowledge, there are no non-ECF registrants who are counsel in this case.


Dated:   May 20,  2016


/s/ Joan M. Fisher
JOAN M. FISHER, Idaho Bar No. 2854