No. 16-7039


IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT


IN RE KENNETH EUGENE BARRETT,
Movant.


CAPITAL CASE

MOTION TO VACATE ORDER OF ABATEMENT OF MOVANT'S
APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255
AND SUPPLEMENTAL BRIEF IN SUPPORT OF THE APPLICATION

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
*JOAN M. FISHER*, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600


Counsel for Kenneth Eugene Barrett, Movant.

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Bailey v. United States*, 516 U.S. 137 (1995) ....................................................... 14

*Bousley v. United States*, 523 U.S. 614 (1998) .................................................... 14

*Chatham v. Davis*, 889 F.3d 679 (7th Cir. 2016) .................................................. 7

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ................................................. 3

*Henderson v. Morgan*, 426 U.S. 637 (1976) ....................................................... 14

*In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) ...................................................... 6

*Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) .................................................... 13

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ..................................... 3, 5, 6, 8

*Johnson v. United States*, __ U.S. ___, 135 S. Ct. 2551 (2016) ............................ 2

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ................................................................ 11

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) ................................................ *passim*

*Shapiro v. United States*, 335 U.S. 1 (1948) ....................................................... 13

*Shepard v. United States*, 544 U.S. 13 (2005) ..................................................... 12

*Taylor v. United States*, 495 U.S. 575 (1990) ...................................................... 10

*United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ......................................... 8

*United States v. Aragon*, 983 F.2d 1306 (4th Cir. 1993) ....................................... 9

*United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016) ....................................... 6

*United States v. Diaz*, 865 F.3d 168 (4th Cir. 2017) ........................................... 10

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) ......................................... 9

*United States v. Gaudin*, 515 U.S. 506 (1995) ................................................... 15

*United States v. Hill*, 832 F.3d 135 (2d Cir. 2016) .............................................. 8

*United States v. Ingle*, 454 F.3d 1082 (10th Cir. 2006) ....................................... 10

*United States v. Jennings*, 195 F.3d 795 (5th Cir. 1999) ....................................... 8

*United States v. Johnson*, 953 F.2d 110 (4th Cir. 1991) ...................................... 10

*United States v. Kennedy*, 133 F.3d 53 (D.C. Cir. 1998) ....................................... 8

*United States v. Martin*, 215 F.3d 470 (4th Cir. 2000) ........................................ 10

*United States v. McGuire*, 706 F.3d 1333 (11th Cir. 2013) .................................... 8

*United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) ......................................... 9

*United States v. Meza*, 2018 WL 2048899 (D. Mont. May 2, 2018) ...................... 6

*United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) .......................... 8

*United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016) ............................ 8

*United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) .................................. 6, 7, 8

*United States v. Serafin*, 562 F.3d 1105 (10th Cir. 2009) ........................ 8

*United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999) ........................ 10

*United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) ........................... 8

*United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017) ........................... 8

*United States v. Williams*, 864 F.3d 826 (7th Cir. 2017) ........................ 8

*Welch v. United States*, 136 S. Ct. 1257 (2016) ...................................... 3

**Federal Statutes**

18 U.S.C. § 16(b) (2012) ................................................................... *passim*

18 U.S.C. § 924(c) ...................................................................*passim*

18 U.S.C. § 924(c)(1)(A), (j) (2012) ....................................................... 1

18 U.S.C. § 924(c)(3)(B) (2012) ...................................................... *passim*

18 U.S.C. § 924(e)(2)(B)(ii) (2012) ....................................................... 4

18 U.S.C. § 1952(a)(2) (2012) .......................................................... 8

21 U.S.C. § 848(e)(1)(B) (2012) ....................................................... 1, 2

28 U.S.C. § 2255 (2012) ............................................................... 1, 2

## I. MOTION TO VACATE ORDER OF ABATEMENT AND FOR PERMISSION TO FILE SUCCESSIVE § 2255 MOTION BASED ON *UNITED STATES V. JOHNSON*.

Kenneth Barrett, Movant/Petitioner, respectfully asks this Court to vacate its Order of Abatement (Doc. 010382025) and grant his Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255. Doc 1019625476 (5/23/2016) ("Petition"). The district court should be ordered to reinstate the Petition previously filed and erroneously dismissed, and proceed to hear the matter in accordance with the holdings and principles of *Johnson v. United States*, __ U.S. __ , 135 S. Ct. 2551 (2016) and *Sessions v. Dimaya*, __U.S.__, 138 S.Ct.1204 (2018).

In support of this Motion, Mr. Barrett shows the Court the following:

1. Petitioner was charged and convicted of one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (count 1); one count of using or carrying a firearm during and in relation to a crime of violence, to wit: Title 21 U.S.C. 848(e)(1)(B), and the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 Section 1111 in violation of 18 U.S.C. § 924(c)(1)(A)and (j) (count 2); and one count of intentionally killing, during the commission of a drug trafficking

1

crime, a state law enforcement officer engaged in the performance of his official duties, in violation of 21 U.S.C. Section 848(e)(1)(B) (count 3).

2.     On November 17, 2005, a jury sentenced Mr. Barrett to life on counts 1 and 2 and to death on count 3.

3.     On June 26, 2015, the Supreme Court issued its decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015) and held that the Armed Career Criminal Act ("ACCA") residual clause (§ 924(c)(3)(B)) is too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment.

4.     Mr. Barrett then sought relief under *Johnson* and *Welch v. United States*, 136 S. Ct. 1257 (2016)[1] by filing his Application for Authorization to File a Successive Motion under 28 U.S.C. §2255 ["Application"].  Doc. 1019625476.

5.     In his Application seeking authorization to file a successive § 2255 Motion to Vacate based on *Johnson*, Mr. Barrett specifically relied on the 9th Circuit Court of Appeals' decision in *Dimaya v. Lynch*, 803 F. 3d 1110 (9th Cir. 2015).  *Id*. at 4, 12, 16.

6.     On June 24, 2016, the Clerk of this Court filed an Order abating the matter pending further order of this Court.  Doc. 10382025.

---

[1]  In *Welch*, the Supreme Court held that Johnson applied retroactively.  Welch, 136 S.Ct. at 1265.

7. On April 17, 2018, the United Supreme Court issued its decision in *Sessions v. Dimaya*, *supra*, 138 S.Ct.1204, holding that under *Johnson v. United States, supra*, 18 U.S.C. § 16(b)'s definition of "crime of violence" is unconstitutionally vague.

8. As explained in the Application filed previously and supplemented by the brief accompanying this motion, since the Section 924(c)(3)(B) residual clause attempting to define a crime of violence is identical to § 16(b)'s, and operates the same way under the categorical approach, Mr. Barrett is entitled to file his successive § 2255 motion in district court.

This motion is based on the records and pleadings, including but not limited to Mr. Barrett's Application for Authorization to File the Successive § 2255 Motion to Vacate, its supporting brief and attached proposed § 2255 Motion (Doc. No. 1019625476) and the Supplemental Brief filed in support of this Motion.

Respectfully submitted this 7th day of August, 2018.

*/s/ Joan M. Fisher*
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender

/s/ *David B. Autry*
**DAVID B. AUTRY**, OBA No.11600
Attorney at Law

Counsel for Kenneth Eugene Barrett, Movant.

## I. SUPPLEMENTAL BRIEF

After *Sessions v. Dimaya*, _U.S._, 138 S. Ct. 1204 (2018), this Court has no choice but to find that 18 U.S.C. § 924(c)(3)(B) is as unconstitutionally vague as 18 U.S.C. § 16(b).[2] Section 924(c)(3)(B) is identical to § 16(b) and operates the same way under the categorical approach. *Dimaya* held that § 16(b)'s definition of "crime of violence" is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the definition of "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). *Dimaya* concluded that "a straightforward application of *Johnson*" effectively "resolve[d]" the case. *Dimaya*, 138 S. Ct. at 1213, 1223.

In *Johnson*, the Court singled out two features of ACCA's residual clause that "conspire[d] to make it unconstitutionally vague" – the "ordinary case analysis"[3] and the imprecise "serious potential risk" threshold. 135 S. Ct at 2557. The combination of "indeterminacy" created by the ordinary case inquiry and an

---

[2] Mr. Barrett expressly incorporates his previous argument laying out the inevitable impact of the unconstitutional taint of count 2 on the jury's deliberation and decision on Counts 1 and 3. See Doc 1019625476 at 57-65 (Application Attachment, Proposed §2255 Motion to Vacate, at 29-35).

[3] The Court condemned the ACCA's residual clause for asking judges "to imagine how *the idealized ordinary case* of the crime subsequently plays out." *Id*. (emphasis added). Hence, the Supreme Court found that the process of identifying the "ordinary case" creates "grave uncertainty about how to estimate the risk posed by a crime." *Id*. at 2257.

ill-defined risk threshold resulted in "more unpredictability and arbitrariness than Due Process tolerates." *Id*. at 2558. Section 16(b) suffers those same flaws. *Dimaya*, 138 S. Ct. at 1216, 1223 (citing *Johnson*, 135 S. Ct. at 2557). Likewise, because § 924(c)(3)(B) is identical to § 16(b) – requiring the same categorical ordinary case approach and risk threshold – *Dimaya* dictates that § 924(c)(3)(B) is also unconstitutionally vague. *In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir. 2016) ("[T]he language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other"). Indeed, immediately after *Dimaya*, this Court held the same. *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (§ 924(c)(3)(B) unconstitutionally vague). The Seventh Circuit did the same even before *Dimaya*. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2015) (§ 924(c)(3)(B) unconstitutionally vague because of "same residual clause contained in [§16(b)]").[4] This Court should again affirm its prior holding and grant Mr. Barrett the benefits of *Dimaya*.

In pre-*Dimaya* briefing in *Salas*, *supra*, the Government argued that the

---

[4] Likewise, several district courts, post-Dimaya, have already held that § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Meza*, 2018 WL 2048899 (D. Mont. May 2, 2018); Order, *United States v. Morrison*, Case No. BLG-SPW-04-CR-126 (D. Mont. May 7, 2018); Order, *United States v. Johnson*, Case No. BLG-SPW-11-CR-140 (D. Mont. May 7, 2018); Order, *Toussaint v. United States*, Case No. 12-CR-00407-CW-1 (N.D. Cal. May 11, 2018); Order, *Evey v. United States*, Case No. SVW-97-CR-00468 (C. D. Cal. May 10, 2018).

§ 924( c) residual clause was distinguishable from the ACCA residual clause for the same four reasons that it argued that § 16(b) was distinguishable in *Dimaya*: that it 1) requires a risk that force be used *in the course of committing the offense*, which the ACCA does not; 2) focuses on the use of physical *force* rather than physical *injury*; 3) does not contain a confusing list of enumerated crimes; and 4) does not share the ACCA's interpretive failures. Yet, as this Court recognized, *Dimaya* explicitly rejected each of these arguments. *Salas*, 889 F. 3d at 684.[5]

The argument that § 924(c) is different because it requires a sufficient nexus between the "crime of violence" and the firearm, narrowing the class of offenses that could qualify as "crimes of violence," is unavailing. As this Court explained in *Salas*, the "firearm requirement simply means that the statute will apply in fewer instances, not that it is any less vague. The required nexus does not change the fact that § 924(c)(3)(B) possesses the same two features that rendered the ACCA's residual clause and § 16(b) unconstitutionally vague: 'an ordinary-case requirement and an ill-defined risk threshold.'" *Salas*, 889 F. 3d at 685 (quoting

---

[5] Also, as this Court recognized in Salas, the pre-*Dimaya* circuit decisions upholding § 924(c)(3)(B)'s constitutionality have been, for the most part, abrogated because they relied on the same four above-noted reasons for distinguishing the identical § 16(b) text from the ACCA that Dimaya explictly rejected. *See Salas, supra* at 684(internal citations omitted).

*Dimaya*, 138 S. Ct. at 1207)). Therefore, "[r]equiring a sufficient nexus to a

firearm does not remedy those two flaws." *Id*.[6]

This Court is bound by controlling precedent in this Circuit and the

Supreme Court that unequivocally holds (in accord with ten other circuits[7]) that the

---

[6] *The federal crimes that serve as § 924(c) predicates may be as broadly worded as any state statute. Johnson* itself underscored "the ordinary instance of witness tampering" and asked "does the ordinary instance of witness tampering involve offering a witness a bribe? Or threatening a witness with violence?" 135 S. Ct. at 2557. A "nexus" between witness tampering and carrying a firearm does not change this inquiry. The same is true for kidnapping – with both offenses highlighted by Justice Gorsuch in *Dimaya*. 138 S. Ct. at 1232 (J. Gorsuch, concurring) ("Does a conviction for witness tampering ordinarily involve a threat to the kneecaps or just the promise of a bribe? …. Does a conviction for kidnapping ordinarily involve throwing someone into a car trunk or a noncustodial parent picking up a child from daycare?"). Determining the "ordinary case" is no easier simply because the statute is federal, or a firearm was used. Moreover, even though the predicate offense must be a federal statute, several federal statutes require the Government to allege specific underlying acts that can be violations of state statutes, to which the court must then apply the ordinary case analysis, such as the Racketeer Influenced and Corrupt Organizations (RICO) Act.

[7] *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017); *United States v. Hill*, 832 F.3d 135, 139 (2d Cir. 2016); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Rafidi*, 829 F.3d 437, 444-45 (6th Cir. 2016); *United States v. Taylor,* 814 F.3d 340 (6th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017); *Prickett*, 839 F.3d at 698; *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *Salas,* 889 F. 3d at 686 (10th Cir. 2018); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013); *United States v. Kennedy*, 133 F.3d 53, 56-57 (D.C. Cir. 1998).   Pattern jury instructions nationwide for § 924( c) also uniformly call for the categorical approach to apply to the "crime of violence" determination, instructing that an offense's status as a "crime of violence" is a purely legal issue for courts to determine pretrial; therefore, at trial, the jury must be instructed that the predicate offense is, as a matter of law, a "crime of violence."

categorical approach applies to both the § 924( c) residual clause and force clause. *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (court must "employ the 'categorical approach' or the 'modified categorical approach'"); *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (same). Based on *Fuertes* and *McNeal* alone, this Court should find that the categorical approach applies to § 924(c)(3)(B).

Even more, the court's decision in *United States v. Aragon*, 983 F.2d 1306 (4th Cir. 1993) demands the same result. In that case, at issue was whether the instant offense, rather than a prior conviction, qualified as a "crime of violence" under the Travel Act, 18 U.S.C. § 1952(a)(2). *Aragon*, 983 F.2d at 1312. Just like § 924(c), the Travel Act has a contemporaneous "crime of violence" element defined by the identical § 16(b) residual clause. 18 U.S.C. § 1952(a)(2). Yet, the Fourth Circuit held the categorical approach must apply to the Travel Act's § 16(b) "crime of violence" requirement; "[g]iven the term 'by its nature' its natural and plain meaning, § 16(b) directs the court to look to the generic nature of an offense in deciding whether the offense is a 'crime of violence.'" *Aragon*, 983 F.2d at 1312-13.

Because § 924(c)(3)(B) copies § 16(b), its plain language also requires the categorical approach. The persuasive authority of *Aragon* held such in the context of defining a contemporaneous "crime of violence" element for an instant offense

(just like that contained in § 924(c)(3)(B)). *Aragon* dispels the argument that the categorical approach only applies in determining whether *prior convictions* qualify as "crimes of violence."[8]

The plain language and legislative history of § 924(c) require the same conclusion. The Supreme Court reviewed the legislative history of the ACCA in *Taylor v. United States*, 495 U.S. 575 (1990). The Court referenced the language of § 924(c)(3)(B) because it was included in a proposed version of the ACCA. The Court then concluded that Congress always intended the categorical approach to apply to that language: "Each of the proposed versions of the 1986 amendment carried forward *this categorical approach*, extending the range of predicate offenses to all crimes having certain common characteristics – the use or

---

[8] Various courts, including this Court, have held the categorical approach applies to other statutes that, like § 924(c) and The Travel Act, require the *instant offense* to qualify as a "crime of violence." *See United States v. Diaz*, 865 F.3d 168 (4th Cir. 2017) (applying categorical approach to "crime of violence" finding in Mandatory Victims Restitution Act); *see also United States v. Ingle*, 454 F.3d 1082, 1084-85 (10th Cir. 2006) (applying categorical approach to "crime of violence" finding in Bail Reform Act); *United States v. Singleton*, 182 F.3d 7, 10 (D.C. Cir. 1999) (same – collecting cases). The Fourth Circuit has also held the categorical approach applies to "crime of violence" determinations under the sentencing guidelines for *instant offenses* of conviction due to the "plain language" of the relevant guideline. *See United States v. Johnson,* 953 F.2d 110, 114 (4th Cir. 1991) (noting "substantial intuitive appeal" of applying circumstance-specific approach to instant offenses but nonetheless concluding that the approach "must…be rejected" under "plain language" of revised guideline commentary); *United States v. Martin*, 215 F.3d 470, 474 (4th Cir. 2000) (same).

threatened use of force, *or the risk that force would be used* – regardless of how they were labeled by state law." *Id*. at 589 (emphasis added).

In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Supreme Court reinforced this principle. The Court held that § 16(b)'s "language [specifically the words 'by its nature'] requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Id*. at 7. It follows that § 924(c)(3)(B), which has the same language, also requires the categorical approach.

In explaining why § 16(b)'s text "demands a categorical approach," *Dimaya* said that "simple references to a 'conviction,' 'felony,' or 'offense,'" are "read naturally" to denote "the crime as *generally* committed." *Id*. at 1217-18. Further, the words "by its nature in § 16(b) make that meaning all the clearer… directing courts to consider whether an offense, *by its nature*, possesses the requisite risk of force." *Dimaya* further clarified that "the same conclusion follows if we pay attention to the language that is *missing* from § 16(b)," noting the absence of terms alluding to a crime's circumstances. *Id*. at 1218. "If Congress had wanted judges to look into a felon's actual conduct, it presumably would have said so; other statutes, in other contexts, speak in just that way." *Id*. (citation and internal quotation marks

omitted).[9] Importantly, the Court also made clear that the words "by its nature" do not change from one context to the other. Indeed, *Dimaya* involved a civil immigration removal proceeding that did not implicate "Sixth Amendment concerns that would arise from sentencing courts' making findings of fact that properly belong to juries." *Dimaya*, 138 S. Ct. at 1217 (citation omitted).[10] Yet, the Court still held the categorical approach applied due to § 16(b)'s text. The same goes for the identical § 924(c)(3)(B).

When addressing issues of statutory interpretation, "the claim to adhere to case law is generally powerful once a decision has settled statutory meaning." *Shepard v. United States*, 544 U.S. 13, 23 (2005). "In this instance, time has enhanced even the usual precedential force." *Id*. Since *Taylor*, the Supreme Court, this Court as well as other courts have said repeatedly that the categorical approach applies to the § 16(b) and § 924(c)(3)(B) residual clauses. Yet, Congress has done

---

[9] As Justice Kagan explained in *Dimaya*, the word "involves" in §§16(b)/924(c)(3)(B) does not require a factual approach. 138 S. Ct. at 1217 (explaining ACCA residual clause also "uses the word 'involves' identically[;]" yet, the Supreme Court held the categorical applied to that clause.).

[10] The majority of the *Dimaya* Court agreed that § 16(b)'s text requires the categorical approach. *Id.* at 1216 ("[T]he Government, joined by THE CHIEF JUSTICE, accepts that § 16(b), as long interpreted, demands a categorical approach."). Moreover, Chief Justice Roberts noted that because "§ 16 is replicated in the definition of 'crime of violence' applicable to § 924( c) . . . the Court's holding calls into question § 924( c) convictions." *Id.* at 1241 (Roberts, J., dissenting).

11

nothing "to modify the statute as subject to our understanding." *Id.*[11] This inaction

makes plain that Congress intended the categorical approach to apply to the §

924(c)(3)(B) "crime of violence" definition.[12]

Finally, it must be agreed that the categorical approach applies to the

§ 924(c)(3)(B) force clause, since it requires "as an element, the use, attempted

use, or threatened use of physical force." It would be arbitrary if Congress intended

the categorical approach to apply to only one part of the definition.

A factual approach would produce all sorts of difficulties with instructing

the jury on the meaning of the § 924(c) residual clause. The court would have to

instruct the jury on the requirements of the residual clause and the meaning of the

words "by its nature."[13] These questions will not only result in mini-trials that are

---

[11] *Congress has done nothing to touch the "crime of violence" definition in §
924(c), despite amending the statute for other reasons, solidifying approval of the
settled statutory interpretation demanding the categorical approach.  See Shapiro
v. United States,* 335 U.S. 1, 16 (1948) ("In adopting the language used in the
earlier act, Congress 'must be considered to have adopted also the construction
given by this Court to such language, and made it a part of the enactment.'").

[12] Because Congress's intent to apply the categorical approach to § 924( c) is
abundantly clear from the plain language of the text, the doctrine of constitutional
avoidance is inapposite. It only applies "when after the application of ordinary
textual analysis, the statute is found to be susceptible of more than one
construction."  *Jennings v. Rodriguez,* 138 S. Ct. 830 (2018).

[13] If the jury must determine whether the facts in the specific case ordinarily present
a substantial risk that the defendant may use force, issues will arise over whether
the defense can present statistics and experts to prove how the facts in the specific
case would ordinarily play out.

avoided under the categorical approach, but would lead to the same void for vagueness problems that doomed the ACCA and § 16(b) residual clause. These are the very questions that led the Supreme Court to declare the "ordinary case" a failed experiment. There is no reason to believe that a jury is more equipped to answer these questions than the judiciary.

The final reason to reject any invitation to abandon the categorical approach is that doing so will open the door to collateral attacks on thousands of § 924(c) convictions. If the Court were now to change this legal determination into a factual one that must be made by the jury, it would undermine the validity of numerous § 924(c) convictions, regardless of whether the conviction was obtained by a guilty plea or a jury trial.

Any reinterpretation of § 924(c) that jettisons the categorical approach will render guilty pleas unknowing and thus involuntary because the offender could not have had a correct understanding of his guilty plea at the time it was made. *See Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (guilty plea cannot "be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him…'") (citation omitted).[14]

---

[14] After the Supreme Court narrowed the meaning of "use" of a firearm in *United States v. Bailey*, 516 U. S. 137, 144 (1995), the Supreme Court agreed that a § 924

For a defendant who went to trial on a § 924( c) charge, unless the jury was asked to find that the predicate offense was a "crime of violence," the failure to submit that element to the jury violates due process and the Sixth Amendment; the jury would not have found this necessary element of the offense. *See United States v. Gaudin*, 515 U.S. 506, 508–11 (1995).

The Order of Abatement should be vacated and Mr. Barrett's motion for permission to file a successor under the holdings and principles of *Johnson* and *Dimaya* should be granted. The district court should be ordered to reinstate the Petition previously filed and erroneously dismissed.

Respectfully submitted this 7th day of August, 2018.


*/s/ Joan M. Fisher*
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender

/s/ *David B. Autry*
**DAVID B. AUTRY**, OBA No.11600
Attorney at Law


Counsel for Kenneth Eugene Barrett, Movant.

---

(c) plea entered before *Bailey* was unknowing. *United States v. Bousley*, 523 U.S. 614 (1998).

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following CM/ECF users: all counsel of record.

*/s/ Joan M. Fisher*