No. 16-7039

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

IN RE KENNETH EUGENE BARRETT,
Movant.

CAPITAL CASE

---

**MOTION TO VACATE ORDER OF ABATEMENT AND FURTHER
AMEND MOVANT'S APPLICATION FOR AUTHORIZATION TO FILE A
SUCCESSIVE MOTION UNDER 28 USC 2255 AND SUPPLEMENTAL
BRIEF IN SUPPORT OF THE APPLICATION**

---

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, ID Bar No. 2854
Assistant Federal Defender
**CARRIE WARD**, MO Bar No. 57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Email: Joan_Fisher@fd.org
Carrie_Ward@fd.org

**DAVID B. AUTRY**, OBA Bar No. 11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106
Telephone: (405) 521-9600
Email: dbautry77@gmail.com

Counsel for Kenneth Eugene Barrett, Movant.

1

## I.  MOTION

Kenneth Eugene Barrett, Movant/Petitioner, respectfully asks this Court to

(a) vacate its Order of Abatement (Doc. 010382025), and proceed with his

Application for Authorization to File a Successive Motion under 28 U.S.C.

§ 2255. Doc 1019625476 (5/23/2016) ("Application");

(b) amend the same as set forth below; and

(c) grant the filing of the pending Application, as so amended.

The District Court should be ordered to file the 28 U.S.C. § 2255 Motion to

Vacate the Convictions and Sentence under *Johnson v. United States* (§ 2255

Johnson Motion)[1] as amended herein, and grant the relief requested in accordance

with *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), *Sessions v.*

*Dimaya*, 584 U.S. ___, 138 S.Ct.1204 (2018) and this Court's holding in *United*

*States v. Salas*, 889 F. 3d 681 (10th Cir. 2018).  *United States v. Davis*, 588 U.S.

___, 139 S. Ct. 2319 (2019) applies to Mr. Barrett's case.  It is worth noting that

the Eleventh Circuit has found that like *Johnson*, Davis is retroactive.  *In re*

*Hammoud,* No. 19-122458 at 6 (11th Cir. July 23, 2019); *see also, Welch v. United*

*States,* 136 S.Ct. 1257, 1264-1265 (2016).

---

[1] Due to the unique procedural posture in Mr. Barrett's litigation, the District Court erroneously entered a dismissal of the filed Conditional Application for Authority to File the § 2255 *Johnson* Motion (case #04-cr-00115, Doc. #438, Minute Order).

## II. INTRODUCTION

Mr. Barrett stands convicted of three capital offenses, all arising from a single bullet that resulted in the death of Officer Eales. The victim was one of eight Oklahoma Highway Patrolman, who descended on Mr. Barrett's home to serve a no-knock, nighttime arrest warrant. Doc. 043, Exh. 194 Case # 09-cr-00105. The basis for arrest was a bench warrant issued on January 28, 1999 for failure to appear in court, related to non-violent drug offense. *Id.*

Mr. Barrett was convicted of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count Two). The alleged crime of violence was a violation of 18 U.S.C. § 848(e)(B)(1), which is a sentencing enhancement statute for a "Continuing Criminal Enterprise" (CCE)(the "kingpin" statute) and raises the minimum sentence to 20 years and provides for death eligibility where:

> any person, during the commission of, in furtherance of, or while attempting to avoid apprehension, prosecution or service of a prison sentence for, a felony violation of this subchapter or subchapter II who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties and such killing results…

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. § 924(c)(3)(A) is commonly referred to as the elements clause. The other, § 924(c)(3)(B) is the now-void residual clause. Because the Supreme Court in

3

*Davis* held that the § 924(c) residual clause is unconstitutionally vague, Count Two cannot stand as a matter of law.

Further, due to the nature of the trial court instructions to the jury, this unconstitutional conviction has infected Mr. Barrett's other counts of conviction.[2] As a result, Mr. Barrett's § 924(c) convictions (1) violate the Due Process Clause, as unequivocally stated in *Davis*; and (2) have resulted in a fundamental miscarriage of justice. Therefore, Mr. Barrett is entitled to a vacatur of his unlawful §924(c) convictions under 28 U.S.C. § 2255(a), and this Court should further vacate Count Three and/or remand any remaining convictions to the District Court for full resentencing.

Mr. Barrett requests this Court to expedite action on this motion. Mr. Barrett has been incarcerated for nearly twenty years. He has fully served his state manslaughter conviction for Trooper Eales' death. He has been confined for

---

[2] Significantly, this Court's en banc opinion in *United States v. Rentz*, 777 F.3d 1105, 1115 (10th Cir. 2015) seemed to overrule part of Mr. Barrett's case. Mr. Barrett's panel affirmed the charging, convicting and sentencing two § 924(c) offenses resting on a single "use" of the firearm resulting in a death caused by a single bullet, *United States v. Barrett*, 496 F. 3d 1079 (10th Cir. 2007). *See Rentz, supra*, (applying the rule of lenity to multiple § 924(c) charging possibilities and holding that the "government may seek and obtain no more than one § 924(c)(1)(A) conviction."); *see also*, *Rentz, supra* at 1127-1130 (Matheson, J., with Briscoe, J, Hartz, J and Phillips, J., concurring) ("This court's en banc decision holds that multiple § 924(c) charges based on a single firearm use are not permissible. **The result in *Barrett* as to the § 924(c) charges in that case is not consistent with that holding.**" citing *Barrett, supra*). (Emphasis added).

nearly fourteen years as a result of the federal charges, all based on one indivisible act and a single bullet. All factually indistinguishable counts are irreparably impacted by the jury's consideration of the now unconstitutional conviction for Count Two.

As grounds for this motion, Mr. Barrett states as follows:

1. Petitioner incorporates herein as if fully set forth verbatim the facts, argument and authority set out in Petitioner's Application, *supra*, including the full incorporation of the Attachment thereto, specifically, the § 2255 *Johnson* Motion, *supra* at 23 *et seq*.

2. On August 7, 2018, Mr. Barrett moved this Court to vacate its Order of Abatement (Doc. 010382025) and grant his Application seeking an Order to the District Court "to reinstate the Petition previously filed and erroneously dismissed, and proceed to hear the matter in accordance with the holdings and principles of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S.Ct.1204 (2018)." (Doc. 010110033961) (*Dimaya* Motion and Supplemental Briefing). That motion is still pending.

3. Mr. Barrett incorporates herein, as if fully set forth verbatim, the facts, argument and authority presented to this Court in the *Dimaya* Motion and Supplemental Briefing. *Dimaya* Motion, *supra*.

4. On June 24, 2019, the United States Supreme Court issued its opinion in *United States v, v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). *Davis* held 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. The matter was vacated and remanded to the District Court to determine the impact of the holding in *Davis* on companion petitions for rehearing and full resentencing on other counts. *Id*. at 2323-2325.

5. Under the most constricted reading of *Davis*, Mr. Barrett is entitled to have his Count Two § 924(c)(B) conviction vacated and a full resentencing on the two remaining counts. This compels the Court to grant his Amended Application to file in the District Court and to the relief requested in this motion. *Id*.

6. The specific instructions given to the jury relating to the unconstitutional 924(c) Count Two also entitle Mr. Barrett to an Order vacating the convictions on Counts One and Three, with orders for a new trial on these charges.

7. Pursuant to Federal Rules of Appellate Procedure ("FRAP") Circuit Rule 27.1, on or about August 26th, 2019, the undersigned counsel, Carrie L. Ward, contacted counsel for Respondent, advising them of the filing of this Motion and requesting their position on the same. On August 26, 2019, counsel for Respondent advised that they opposed the Motion.

## III. ARGUMENT AND AUTHORITIES

### A. Mr. Barrett's 924(c) conviction is unconstitutional under *Davis*.

#### 1. *Davis v. United States* holds that the residual clause in 18 U.S.C. § 924(c)(3)(B) is void as unconstitutionally vague.

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), the Supreme Court held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), was facially void for vagueness. *Johnson*, 135 S. Ct. at 2557. *Johnson's* holding constituted a new rule of substantive criminal procedure that applies retroactively on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257, 1265 (2016). The Court then invalidated the Immigration and Nationality Act's definition of "aggravated felony" which borrows the residual clause definition of "crime of violence" from 18 U.S.C. § 16(b). *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204, 1211, 1223 (2017) (it is impermissibly vague to define "crime of violence" requiring deportation as any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). The language of § 924(c)(3)(B) is substantially identical to that found unconstitutional in *Johnson* and *Dimaya*.

On June 24, 2019, the United States Supreme Court, held that, like the definitions of a "crime of violence" in the ACCA 's residual clause struck down in *Johnson* and § 16 struck down in *Dimaya*, the residual clause of 924(c)(3)(B) is

unconstitutionally vague and thus void.  Together, *Johnson*, *Dimaya* and *Davis* leave no doubt that Mr. Barrett has a right to the Application to file the pending Successive § 2255 Motion.

### 2. Count Two rests on an unconstitutionally vague statute and must be vacated.

The predicate offense alleged in Count Two, 21 U.S.C. § 848(e)(1)(B), is a sentencing enhancement provision within the "Continuing Criminal Enterprise" (CEE) statute.  This statute, which criminalizes the killing of a law enforcement officer in the discharge of his duties, and provides, under certain circumstances for "death eligibility," does not qualify as a "crime of violence" as a matter of law.  Under § 924(c)(3), "crime of violence" is defined as a felony and:

> (A)  has an element of the use, attempted use, or threatened use of physical force against the person or property of another, ("Elements clause") or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  ("Residual clause").

In Mr. Barrett's case, the District Court determined that the predicate offense was a crime of violence under the residual clause, as a matter of law.  The jury was instructed under the residual clause.  The District Court made no findings, either of fact or as a matter of law that the "elements" clause was applicable in Mr. Barrett's case. Doc. 240 at p. 17-18.  Because it was instructed under the residual clause, the jury was not required to reach a determination as to a "force" element.  Doc.

8

240 at p. 18.  There is no question that this Court should find Count Two

unconstitutional.  *See generally, Davis, supra*, at 2331.

However, assuming *arguendo* the Court assesses the predicate offense under

the elements clause, it still does not survive scrutiny under the categorical

approach.  The definition of an offense under the CCE must satisfy the essential

elements of 21 U.S.C. § 848, and allows for an enhanced sentence even for non-

violent participation in an act, i.e., "intentionally counsels, commands, induces,

procures or causes" the death.  *Id*. at § 848(3)(1)(B).

### a. The categorical approach applies to the § 924(c) elements clause.

As this Court found in *United States v. Salas*, 889 F. 3d 681, 686 (10th Cir.

2015) to determine whether an offense qualifies as a "crime of violence" under the

§ 924(c) elements clause, the Court must "employ the categorical approach."  *Id*.

"[W]hether a crime fits the § 924(c) definition of a 'crime of violence' is a

question of law," *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014),[3]

and "we employ the categorical approach to § 924(c)(3)(B), meaning we determine

whether an offense is a crime of violence without inquiring into the specific

---

[3] *Morgan's* presumption that what constitutes a "crime of violence" is a legal
question is still good law in this Court, but due process may require that the Court
treat this as a question of fact to be determined by the jury, when addressing
currently charged conduct.  *See Davis*, *supra*, at 2327 ("The government already
has to prove to a jury that the defendant committed all the acts necessary to punish
him for the underlying crime of violence...") *See also*, n. 6, *infra*.

conduct of this particular offender." *Id.* relying on *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009) (internal quotes omitted). *See Salas*, 889 F.3d at 686.

Davis notes that a § 924(c) conviction would focus on "conduct …. *currently charged*" and finding that while a conduct-specific statute would be less vague, that does not change the plain language of the statute. *Davis*, 139 S.Ct. at 2327. Therefore, much like in *Salas*, wherein this Court found that arson does not always require a force element, neither does the CCE, which can be alleged for non-violent participation in an act, *i.e.*, "intentionally counsels, commands, induces, procures or causes" the death. *Id*. at § 848(3)(1)(B). *See, United States v. Salas,* 889 F.3d at 684. Therefore, "the first definition, known as the "elements clause," does not apply here. *Id*.

### b. 21 U.S.C § 848(e)(1)(B)(Continuing Criminal Enterprise) is not a crime of violence.

The Superseding Indictment was given to the jury prior to deliberations. VOL 20 RT p. 4251. As noted, Count Two does not constitute a "crime of violence" under the elements clause. It does not categorically require the use of force against the person or property of another. The death can be committed by "counseling, commanding inducing, procuring or causing the intentional killing of a law enforcement officer in or on account of the performance of such officer's official duties." 21 U.S.C. § 848(e)(1)(B); *See also*, Doc. 240 at 27, Case #04-cr-

00115.  When the District Court made its finding, as a matter of law, that this provision was a crime of violence, it packaged Count Three as the predicate offense and simultaneously eliminated key elements from the jury's instructions.

"[A] jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson v. United States*, 526 U.S. 813, 815 (1999)(cited in the comments to the Pattern Instructions, pp. 3 - 11).[4]  The conduct does not necessarily require the use of force and a death can be caused by means other than the deliberate use of physical force.  As Justice Gorsuch pointed out in *Davis*, addressing the ambiguity caused even by the categorical approach,

> Of particular significance, the Second Circuit, along with a number of district courts, had relied on the categorical approach to hold that selling drugs could *never* qualify as a crime of violence because "[w]hile the traffic in drugs is often accompanied by violence," it can also be carried out through consensual sales and thus "does not by *its nature* involve substantial risk that physical violence will be used." *United States v. Diaz*, 778 F.2d 86, 88 (1985).

139 S. Ct. at 2331.  The Court explains that in abrogating the effects of those decisions, "Congress accepted the categorical approach as given and simply

---

[4] Count Three should be subsumed in the Court's analysis for a loss of jurisdiction, as it is also a conviction that failed to assess the essential elements necessary to satisfy an alleged crime under § 848.  *Richards v. United States*.  526 U.S. 813 (1999).

11

declared that certain drug trafficking crimes automatically trigger § 924 penalties, regardless of the risk of violence that attends them." *Id.* (Internal citations omitted). 21 U.S.C. § 848 crimes are directly related to a CCE. *See generally, Richards v. United States.* 526 U.S. 813, 815 (1999). That was not addressed at Mr. Barrett's trial. Count One contains the long list of possible drug trafficking crimes. However, the trial court instructed the jury that, "[I]n order to prove the defendant committed a drug trafficking crime… you need only find he committed at least one drug trafficking crime." Doc. 240 at 20. Case #04-cr-00115.[5]

**B.      This Court should grant Mr. Barrett's Application, as amended in this Motion and grant him authority to file the § 2255 Motion under the retroactive and controlling precedent in *Johnson*, *Dimaya*, *Salas* and *Davis*.**

**1. Mr. Barrett's claim is cognizable under § 2255(a).**

The conviction "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Barrett is entitled to relief on both grounds. The unconstitutional vagueness violates due process, as discussed above.

Mr. Barrett stands convicted of an offense that is no longer criminal under 18 U.S.C. § 924(c). The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417

---

[5] This contributes to the invalidation of Count Three since the trial court instructed that the offense was a crime of violence, as listed on the provided indictment, rather than submitting essential elements to the jury. Doc. 240 at 5. Case #04-cr-00115.

U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

### 2. Davis is retroactive on collateral review.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1264 (2016). As the Solicitor General has already conceded, Davis is retroactive on collateral review because it is substantive. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach—and thus is unconstitutionally vague—would be a retroactive substantive rule applicable on collateral review.") (citing *Welch*, 136 S. Ct. at 1264).

The Solicitor General is correct. A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1265. This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. (citation omitted). For example, in *Welch*, the Supreme Court found that *Johnson v. United States*, 135 S. Ct. 2551 (2015), was retroactive because it altered the

punishment for a class of people once subject to ACCA (18 U.S.C. § 924(e)(2)(B)). *Id*. This reasoning applies with even more force here. Davis not only alters sentences but renders innocent a class of people once subject to § 924(c) liability based on predicate offenses that fell within the now-defunct § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). Therefore, *Davis* is retroactive.

### C.   At a minimum, Mr. Barrett is entitled to a full resentencing on Counts One and Three.

Based in part on its erroneous understanding that Mr. Barrett was guilty of Count Two, the jury imposed aggregate sentences of two life terms without possibility of release and one death sentence. The District Court ordered that "the sentence[s] imposed in each of these counts shall run consecutive to each other." Doc 285, Case #04-cr-00115. (Judgment). While the multiple convictions are plainly the result of charging Mr. Barrett three times for the same conduct, the same fatal bullet, and essentially the same crime, the impact on the sentencing is clear. In *United States v. Rentz, supra*, holding "that each [§ 924(c) use of firearms] charge requires an independent use, carry, or possession," 777 F. 3d at 1115, (see n.5 *supra*), this Court observed the decision to charge more than one offense "matters greatly" in the sentence a defendant faces. *Id*. at 1108.

14

*Davis* specifically states that sentences on § 924(c) offenses and "predicate" offenses are calculated as a package. The jury's penalty verdicts on the other counts may well have been influenced by Count Two. *Davis, supra* at 2336, citing *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017) (Where a § 924(c) count is vacated, but the predicate conviction remains in place, "the government routinely argues" "[a]nd appellate courts routinely agree" that the courts should vacate "the entire sentence"). This Court agrees. *United States v. Smith,* 756 F. 3d 1179, 1189 (10th Cir. 2014) ("Clearly, the § 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely.") Vacating a single § 924(c) count warrants a complete resentencing. *See United States v. Rodriguez*, 114 F. 3d 46 (5th Cir. 1997).

In *Davis*, the Court "agree[d] with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague." Relying on *Dean*, *supra*, the matter was remanded to the District Court to resolve the question of whether the sentences on *all counts* should be vacated, a question answered affirmatively by the government. *Davis*, 139 S. Ct., at 2336. "Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior. When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be

15

remanded for sentencing." *United States v. Rosen*, 764 F. 2d 763, 767 (11th Cir. 1985). A capital case can require no less. A full re-sentencing is in order.

**D. Counts One and Three are irreparably infected with the unconstitutionally vague instructions regarding the predicate offense.**

Mr. Barrett's three charges allege one criminal act, resulting in one death, caused by a single bullet. His crimes are indivisible. While the government could have argued alternative theories of liability, they instead sought three convictions and three separate sentences, to be served consecutively. The trial court's erroneous instructions conflated the three counts to a point of indistinguishable ambiguity on key elements. *Davis* renders them unconstitutionally vague.

In crafting instructions as to Count Two's special interrogatories, the District Court pulled the definition of murder from 18 U.S.C. § 1111.[6] The jury instructions do not list an intent element in the essential elements as to Count Two. (Doc 240, p. 16). The jury was not required to find a homicide occurred to convict Mr. Barrett on Count Two. The jury was instructed to address whether Trooper Eales' death was an intentional killing *only* if they reached a finding of guilt on Count Two. (Doc. 240, p. 57).

---

[6] At least one Circuit Court has found that murder as defined by § 1111 is *not* a crime of violence, since it can be committed recklessly. *United States v. Begay*, NO. 14-10080, 2019 U.S. App. LEXIS 24608, ___ F.3d ___ (9th Cir. Ct. Decided August 19, 2019).

Count Three is alleged under a separate felony-murder statute, 21 U.S.C. § 848(e)(1)(B).  The instructions bounce from essential elements as to Counts One and Two, (Instruction #7, Doc 240 p. 15-16), to defining "crime of violence" (Doc 240, p. 17).  On the record, the Court, after reading the residual clause to the jury to define "crime of violence" stated *"[y]ou are instructed that the killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties is a crime of violence."*  (Vol. 20 RT 4256-57; Doc 240 p. 18) (Emphasis added).[7]

The jury is then instructed as to the essential elements of Count Three, and its intent requirement.  (Instruction #14 and 15, Doc 240, p. 27-30).  Although Instruction #17 states that each offense is a separate crime and should be considered separately (Doc 240 p. 33), the jury is left with Instruction #33, special interrogatories, that "if you find Defendant, Kenneth Eugene Barrett, guilty of Count One or Count Two, you must then also answer the questions posed in the special interrogatories which relate to those specific counts for which you found

_____

[7] While, as noted in n. 3 *supra*, this Court has held that whether an offense is a "crime of violence" is a question of law, *United States v. Morgan*, *supra*, the instruction is clearly at odds with the United States Constitution.  *See Apprendi v. New Jersey*, 530 U.S. 466, 492 (2000); *Ring v. Arizona*, 536 U.S. 584, 609 (2002). The impact of that unconstitutional instruction shakes the very foundation of the convictions on Counts One and Three in Mr. Barrett's case.

Defendant Barrett guilty." (Doc 240 p. 50).  This immediately follows the definitions of intent as it applies to Count Three.

The papers provided the jury to "aid" in their deliberations show at page 4, the superseding indictment, which refers to the "mental culpability" charged in Counts Two and Three.  This language affirms that the grand jury found true that an intentional murder had been committed.  (Doc. 240, p. 4-10).  At p. 18, the jury was instructed that the killing was a crime of violence as a matter of law.  The jury was then asked to answer the special interrogatory, *i.e.*, whether the killing was intentional, but *only* after finding Mr. Barrett guilty of the crime of violence as a matter of law.  (Doc. 240 at 33).  The hashed together definitions instructed that this killing was unlawful and it was intentional as drafted in the indictment.  These instructions patently violate due process.

*Davis* addresses the issue of charging the predicate offense and a § 924(c) allegation as a crime of violence.  "[H]aving a judge, not a jury, make findings about that underlying conduct would have 'raise[d] serious Sixth Amendment concerns.'" *Davis*, 139 S.Ct. at 2327 (citing *Descamps v. United States*, 570 U.S. 254, 269-270 (2013).  *See also, *Sandstrom v. Montana*, 442 U.S. 510, 522 (1979), "the trial court may not withdraw or prejudge the issue by instruction that the law raises a presumption of intent from an act."  "[T]his presumption would conflict with the overriding presumption of innocence…" *Id*.

Mr. Barrett's trial counsel raised this issue in a pretrial session, and the government echoed his concerns on the issue. Ultimately, the trial judge brushed it all aside and opted to instruct the jury that the killing was a crime of violence as a matter of law. The trial judge found that the essential elements as to both Counts One and Two centered solely on the use of the firearm and its role in furtherance of the crimes and instructed the jury that they were only to reach the question of intent after a guilty verdict was reached. See, Vol. 19, RT 4209, 4214, 4231-4234.

## IV. CONCLUSION

There is no cause for additional delay in adjudicating Mr. Barrett's claims under *Johnson*, *Dimaya*, *Salas* and now *Davis*. Continued failure to act is outside any legitimate government interest. Mr. Barrett respectfully requests he be granted permission to proceed on his requested successive § 2255 Motion. To do otherwise would violate Due Process and impose further unconstitutionally cruel and unusual punishment upon him. U.S. Const. Amend. V, VIII. *See e.g. Lackey v. Texas*, 514 U.S. 1045 (1995), Stevens, J., respecting the denial of certiorari.

The time for abatement is over. Mr. Barrett's motion for permission to file a successor under the holdings and principles of *Johnson*, *Dimaya* and *Davis* should be granted. The District Court should be ordered to reinstate the Petition previously filed (and erroneously dismissed) and proceed to hear the same, and vacate the convictions in Count One, Two and Three. At a minimum, the

conviction Case # 04-cr-00115, Count Two should be vacated and Mr. Barrett

should be granted a full resentencing.

Respectfully submitted this 28th day of August, 2019.

> _/s/Joan M. Fisher_
> **JOAN M. FISHER**, ID Bar No 2854
> Assistant Federal Defender
>
> _/s/Carrie L. Ward_
> **CARRIE WARD**, MO Bar No. 57581
> Assistant Federal Defender
>
> _/s/David B. Autry_
> **DAVID B. Autry**, OBA Bar No. 11600
> Attorney at Law

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that on the 28th day of August, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following CM/ECF users:

Mr. Jeffrey B. Kahan at Jeffrey.Kahan@usdoj.gov

Mr. Christopher J. Wilson at Chris.Wilson@usdoj.gov

*/s/Joan M. Fisher*
JOAN M. FISHER

**CERTIFICATE OF DIGITAL SUBMISSION AND REDACTION**

I certify that no privacy redactions were necessary for this motion, and that every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, August 28, 2019, and according to the program is free of viruses.

Dated:  August 28, 2019

*/s/Joan M. Fisher*
JOAN M. FISHER