FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 29, 2019**

**Elisabeth A. Shumaker
Clerk of Court**

In re: KENNETH EUGENE BARRETT,

        Movant.

No. 16-7039
(D.C. Nos. 6:09-CV-00105-JHP &
6:04-CR-00115-JHP-1)
(E.D. Okla.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Movant, Kenneth Eugene Barrett, proceeding through counsel, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court so he may challenge his conviction and sentence under 18 U.S.C. § 924(c).  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).  This matter is currently abated; we now lift the abatement.

Movant was convicted of using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).  He alleges that the underlying offense qualified as a "crime of violence" only as that term is defined in § 924(c)(3)'s residual clause.  The Supreme Court invalidated this clause as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

To obtain authorization, Movant must make a prima facie showing that his second or successive § 2255 motion meets the gatekeeping requirements of § 2255(h).  28 U.S.C. § 2244(b)(3)(C); *see also United States v. Murphy*, 887 F.3d 1064, 1067 (10th Cir.), *cert.*

*denied*, 139 S. Ct. 414 (2018).  In assessing this showing, we do not consider the merits of the second or successive motion.  *See In re Barrett*, 840 F.3d 1223, 1227 (10th Cir. 2018); *Ochoa v. Sirmons*, 485 F.3d 538, 544 (10th Cir. 2007).  A motion may be authorized under § 2255(h)(2) if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Davis* announced a new rule of constitutional law that the Court made retroactive to cases on collateral review through the combination of its holdings in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and *Davis.  See In re Mullins*, ___ F. 3d ___, No. 19-3158, 2019 WL 5777997, at *3 (10th Cir. Nov. 4, 2019).

Accordingly, we grant Movant authorization to file a second or successive § 2255 motion in district court challenging his § 924(c) conviction and sentence under *Davis*.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk